### In re Yolanda Navarro FLORES, Relator.

#### No. 01–03–00041–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 18, 2003.

Armando Lopez, Armando Lopez, P.C., Houston, TX, for Relator.

Wayne H. Paris, Gillis, Paris & Heinrich, P.L.L.C., Houston, TX, Real Party in Interest.

Panel consists of Chief Justice RADACK and Justices ALCALA and HIGLEY.

## OPINION

PER CURIAM.

Relator Yolanda Navarro Flores has filed a petition for a writ of mandamus complaining of Judge Garner's[1] October 15, 2002 order granting real party in interest Mark T. Sandoval's motion to nonsuit Flores and A. Craig Eiland. Flores contends that the district court had no jurisdiction to grant the October 15, 2002 order because the court had previously rendered a final judgment on October 14, 2001.

A court of appeals may issue a writ of mandamus, "agreeable to the principles of law regulating those writs," against a judge of a district court. TEX. GOV'T CODE ANN. § 22.221(b)(1) (Vernon Supp.2003). We may grant mandamus relief to correct a clear abuse of discretion or a violation of a duty imposed by law when there is no adequate remedy by appeal. *Canadian Helicopters Ltd. v. Wittig,* 876 S.W.2d 304, 305 (Tex.1994); *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992); *Johnson v. Honorable Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985). Mandamus relief is proper when a trial court issues a void order, and a relator need not show she does not have an adequate remedy by appeal. *In re S.W. Bell Tel. Co.,* 35 S.W.3d 602, 605 (Tex.2000).

Unlike other original proceedings in which a relator only seeks mandamus relief from the trial court's alleged void order, here Flores has filed both an appeal and a petition for a writ of mandamus. *See Flores v. Advanced Mgmt. Sys., Inc.,* No. 01–02–01197–CV (Tex.App.-Houston [1st Dist.] filed Nov. 12, 2002). Flores has voluntarily shown she has an adequate remedy by appeal.

Accordingly, we deny the petition for a writ of mandamus.

---

1. The Honorable David E. Garner, judge of the 10th District Court of Galveston County, Texas. The underlying lawsuit is *Parrish v. Advanced Management Systems, Inc.,* No. 00CV0549, 2001 WL 1825178 (10th Dist. Ct., Galveston County, Tex.2001).