Opinion issued October 23, 2008

 







In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00075-CV






JOSEPH GALLIEN AND OR ALL OCCUPANTS OF 16807 BAYLEDGE
COURT, FRIENDSWOOD, TEXAS 77546, Appellants


V.


FEDERAL HOME LOAN MORTGAGE CORPORATION, Appellee






On Appeal from County Civil Court at Law No. 2

Harris County, Texas

Trial Court Cause No. 874-173






* * * * *

NO. 01-07-00219-CV (1)

NO. 01-07-00538-CV (2)

NO. 01-07-00539-CV (3)

NO. 01-07-00540-CV (4)


IN RE ADRIENNE GALLIEN





MEMORANDUM OPINION


 Cause No. 01-07-00075-CV is an appeal from a final summary judgment in an
action for forcible entry and detainer, in which the trial court awarded possession of
a residence located at 16807 Bayledge Court, Friendswood, Texas (the residential
property), to appellee, Federal Home Loan Mortgage Corporation (FHLMC). See
Tex. Prop. Code Ann. § 24.007 (Vernon 2000) (authorizing appeal on issue of
possession for premises "used for residential purposes only"). (5) Appellants, Joseph
Gallien and or all occupants of that residence, challenge the judgment of possession. 
We dismiss the appeal as moot. 

 Cause Nos. 01-07-00219-CV and 01-07-00538-CV through 01-07-00540-CV
are original proceedings related to trial court Cause No. 874-173, in County Civil
Court at Law No. 2, in which relator, Adrienne Gallien, challenges rulings by several
respondents. We deny the requested relief.

Procedural History Pertinent to all Appellate Cause Numbers


 The County Civil Court at Law No. 2 signed a final summary judgment
awarding possession of the property to FHLMC on December 5, 2006. Pursuant to
section 24.007 of the Property Code, Joseph Gallien and or all occupants of the
residence, had ten days from that date (Gallien), or until December 15, 2006, to file
a supersedeas bond to prevent issuance of a writ of possession pending appeal. See
Tex. Prop. Code Ann. § 24.007 (Vernon 2000). When Gallien did not timely
supersede the judgment, the trial court signed a writ of possession in favor of FHLMC
on December 19, 2006 that required Gallien to vacate the residential property by
December 20, 2006. On December 22, 2006, however, the trial court granted
Gallien's motion to stay or abate execution of the writ of possession until January 5,
2007. 

 On January 10, 2007, the trial court signed orders that (1) authorized Gallien to
file a supersedeas bond in the amount of $6,000 and (2) rescinded the December 19,
2006 writ of possession. Also on January 10, 2007, the trial court denied a motion by
Gallien that sought to quash, rescind, abate, or set aside or stay execution on the writ
and alternatively requested mediation. On January 14, 2007, Gallien filed an
additional motion to reconsider, quash, or set aside the writ or, alternatively, "for a bill
of review." The trial court denied that motion on January 17, 2007. On January 17,
2007, Gallien filed a notice of appeal. (6) 

 On February 7, 2007, FHLMC filed a motion seeking issuance of the writ of
possession on the grounds that (1) Gallien did not supersede the judgment of
possession until January 26, 2007, and thus beyond the time required to stay execution
of the writ, (7) and (2) the trial court's plenary power to set aside the December 5, 2006
judgment of possession had expired. (8) The trial court issued a writ of possession to
FHLMC on March 6, 2007, despite Gallien's objections. This appeal and Gallien's
original proceedings followed. (9) 

Cause No. 01-07-00075-CV


Challenge to December 5, 2006 Judgment of Possession

 "An action for forcible detainer is intended to be a speedy, simple, and
inexpensive means to obtain immediate possession of property." Marshall v. Hous.
Auth., 198 S.W.3d 782, 787 (Tex. 2006); see Hong Kong Dev. Inc. v. Nguyen, 229
S.W.3d 415, 434 (Tex. App.--Houston [1st Dist.] 2007, no pet.); see also Tex. Prop.
Code Ann. § 24.002 (Vernon 2000) (defining forcible detainer action). A forcible
detainer action determines only which party has the right to immediate possession of
the property. Tex. R. Civ. P. 746; Marshall, 198 S.W.3d at 785; Hong Kong Dev.,
Inc., 229 S.W.3d at 434. A plaintiff need not prove title in order to prevail in a
forcible detainer action, but must "show sufficient evidence of ownership to
demonstrate a superior right to immediate possession." Hong Kong Dev., Inc., 229
S.W.3d at 433. 

Dismissal as Moot


 FHLMC has filed a motion to dismiss the appeal as moot because FHLMC
obtained possession pursuant to the writ of possession issued by the trial court on
March 6, 2007. FHLMC's motion further states that FHLMC has since sold the
property "to a third party who now occupies the property." Gallien has not filed a
response to FHLMC's motion to dismiss the appeal as moot. The certificate of
conference accompanying FHLMC's motion recites that Gallien opposed it, and
Gallien has asked, in her brief, that we not dismiss the appeal as moot. The record
establishes, however, that the writ of possession issued to FHLMC, who then took
possession of the residential premises pursuant to the writ. Gallien has not provided
either argument or authority to this Court in opposition to FHLMC's contention that
the appeal is moot. Likewise, Gallien does not dispute that the property has been
transferred to a third party. Having previously ordered FHLMC's motion to dismiss
as moot taken with the case, we now conclude that the motion is meritorious and
should be granted. 

 A case becomes moot if a controversy ceases to exist between the parties at any
stage of the legal proceedings, including the appeal. In re Kellogg Brown & Root,
Inc., 166 S.W.3d 732, 737 (Tex. 2005). An appeal generally becomes moot when the
court's action on the merits cannot affect the rights of the parties. VE Corp. v. Ernst
& Young, 860 S.W.2d 83, 84 (Tex. 1993). The supreme court has held that an appeal
from a determination of possession in a forcible detainer action may be rendered moot
when the party opposing possession "has no basis for claiming a current right to
possession." See Marshall, 198 S.W.3d at 787. 

A. Marshall v. Housing Authority

 In Marshall, the Housing Authority of the City of San Antonio filed a forcible
detainer action against its tenant, Marshall, and won a judgment of possession. Id.,
198 S.W.3d at 784. Marshall appealed, but later voluntarily vacated the residential
premises. Id., 198 S.W.3d at 785. While her appeal was pending, Marshall's lease
with the Housing Authority expired, and the court of appeals dismissed the appeal as
moot. Id. Given Marshall's clear expression of her intent to appeal, the supreme court
held that her voluntary departure was not solely dispositive of the question of
mootness. Id., 198 S.W.3d at 787. Mootness turned instead on whether Marshall
continued to hold and assert a potentially meritorious claim of a right to possess the
apartment. Id. Because the lease had expired, and because Marshall presented no
other basis for claiming a current, actual right to possession thereafter, the issue of
possession became moot when the lease expired. Id. Because the issue on appeal had
become moot, dismissal was proper. See id., 198 S.W.3d at 784.
 "When possession changes hands and there is no basis for a claim of right to
possession," therefore, "the issue of possession becomes moot." De La Garza v.
Riverstone Apts., No. 04-06-00732-CV, 2007 WL 3270769, at *1 (Tex. App.--San
Antonio Nov. 7, 2007, no pet.) (memo op.) (citing Marshall, 198 S.W.3d at 787). If
the evicted party claiming possession has a potentially meritorious claim to possess
the residential premises, however, displacement by eviction does not render the appeal
moot. See Kennedy v. Andover Place Apartments, 203 S.W.3d 495, 497 (Tex.
App.--Houston [14th Dist.] 2006, no pet.) (holding that appeal of forcible detainer
action not moot because tenant had basis for claiming current right to possession,
given HUD lease requirement that landlord show good cause to terminate lease, but
landlord had presented no evidence of good cause) (distinguishing Marshall, 198
S.W.3d at 787)). 

B. Whether Gallien Showed Claim to Right of Possession

 The issue thus becomes whether Gallien's contentions on appeal support a basis
on which to claim a right to possess the residential premises. See Marshall, 198
S.W.3d at 787. Like the tenants in Marshall and De La Garza, and in contrast to the
tenant in Kennedy, Gallien "presents no basis for claiming a right of possession." See
Marshall, 198 S.W.3d at 787; De La Garza, 2007 WL 3270769, at *1; Kennedy, 203
S.W.3d 495, 497. 

 To the contrary, Gallien focuses on rulings that the trial court necessarily
vacated in subsequent rulings and on purported concessions and alleged failures of
proof by FHLMC that lack any support in the record. Yet, these arguments do not
include any contention on which Gallien could claim a right to current, actual
possession of the residential premises. See Marshall, 198 S.W.3d at 787.

 Gallien's major focus on appeal is her contention that the issue of possession
in this case is "inextricably intertwined" with the issue of title to the residential
premises, which barred the trial court from adjudicating possession. Gallien does not
explain, however, why or how the issue of title to the residential premises is
intertwined with the issue of possession decided in the forcible detainer action. 
Gallien essentially contends that title is necessarily implicated and defends that
assertion based on the decision of the Sixth Court of Appeals in Gallien v. Washington
Mut. Home Loans, Inc., 209 S.W.3d 856 (Tex. App.--Texarkana 2006, no pet.). That
decision, an appeal from a Harris County District Court, vacated dismissal of Adrienne
and Joseph Gallien's claims against Washington Mutual Home Loans, Inc., and Fleet
Mortgage Corporation. "[M]otivated in part by a pending foreclosure action," the
court explained, see id., 209 S.W.3d at 858, the Galliens sued those defendants and
several others, see id. n.1--but not FHLMC--for injunctive and declaratory relief. 
See id., 209 S.W.3d at 858. The Galliens alleged 12 causes of action and attempted to
certify a class of homeowners. Id. Our sister court reversed an order striking the
Galliens' pleadings and remanded that cause to the district court. Id. 

 Because a judgment of possession in a forcible detainer action determines only
the right to immediate possession, however, Hong Kong Dev., Inc., 229 S.W.3d at 433,
a judgment of possession "is not intended to be a final determination of whether an
eviction is wrongful." Marshall, 198 S.W.3d at 787. A judgment of possession thus
determines no "ultimate rights of the parties to any other issue in controversy relating
to the realty in question." Hong Kong Dev., Inc., 229 S.W.3d at 433 (quoting Lopez
v. Sulak, 76 S.W.3d 597, 605 (Tex. App.--Corpus Christi 2002, no pet.)); accord,
Marshall, 198 S.W.3d at 787 (citing Tex. Prop. Code Ann. § 24.008 (Vernon 2000)
(providing that forcible detainer action "does not bar a suit for trespass, damages,
waste, rent, or mesne profit")). A forcible detainer action to determine possession may
thus proceed concurrently with another action in a different court. See Hong Kong
Dev., Inc., 229 S.W.3d at 437 (citing Villalon v. Bank One, 176 S.W.3d 66, 70-71
(Tex. App.--Houston [1st Dist.] 2004, pet. denied) (indicating that suit to determine
wrongful foreclosure, which concerned title, could have been pursued in separate
proceeding concurrently with forcible detainer suit)). This is true even if the other
action adjudicates matters that could result in a different determination of possession
from that rendered in the forcible detainer suit. See id. It is thus well-settled that a
forcible detainer action is not an exclusive remedy, but cumulative of any other
remedy available to party; therefore, the displaced party seeking possession is entitled
to bring a separate suit in district court to determine the title question. See Villalon,
176 S.W.3d at 70 (citing Scott v. Hewitt, 90 S.W.2d 816, 818-19 (Tex. 1936)
(additional citations omitted)). 

 Forcible detainer actions in justice courts may thus be brought and prosecuted,
as here, concurrently with suits filed in district court that may pertain to title or seek
remedies for wrongful foreclosure. See id., 176 S.W.3d at 70-71. Having not shown
why these principles do not apply here, Gallien has failed to demonstrate why or how
determination of title was so intertwined with the issue of possession that the trial
court could not properly adjudicate possession without title's having first been
resolved. See Villalon, 176 S.W.3d at 70. Gallien thus presents no basis on which to
assert a claim to current, actual possession of the premises. See Marshall, 198 S.W.3d
at 787. 

 Lack of any basis for claiming a current right to possess a residential premises
renders an appeal from a judgment of possession moot, which compels that this Court
(1) dismiss the appeal and (2) dismiss the case as moot. See id., 198 S.W.3d at 785
(holding that court of appeals erred by dismissing only appeal while leaving judgment
of trial court in place).

 Accordingly, we deny all pending motions and dismiss the appeal in Cause No.
01-07-00075-CV. In addition, we dismiss the trial-court cause as moot. 

Cause Nos. 01-07-00219-CV, 01-07-00538-CV, 01-07-00539-CV, 

and 01-07-00540-CV


 Adrienne Gallien (Adrienne) has filed several original proceedings as relator in
this Court. We address each of these proceedings below.

A. Cause Nos. 01-07-00219-CV and 01-07-00540-CV

 Adrienne requests mandamus relief in both of these causes. In Cause No. 01-07-00219-CV, Adrienne has identified FHLMC as respondent. (10) In Cause No. 01-00540-CV, Adrienne has identified Constable Gary L. Freeman as respondent. (11) 
Section 22.221 limits this Court's authority to issue a writ of mandamus as follows:

 (a) Each court of appeals or a justice of a court of appeals may issue a writ of
mandamus and all other writs necessary to enforce the jurisdiction of the court.


 (b) Each court of appeals for a court of appeals district may issue all writs of
mandamus, agreeable to the principles of law regulating those writs, against a:


 (1) judge of a district or county court in the court of appeals
district; or

 (2) judge of a district court who is acting as a magistrate at a court
of inquiry under Chapter 52, Code of Criminal Procedure, in the
court of appeals district.


Tex. Gov't Code Ann. § 22.221(a)-(b) (Vernon 2004). 

 Pursuant to section 22.221(b)(1)-(2), this Court has no jurisdiction to issue a
writ of mandamus against either FHLMC or Constable Freeman, because neither is a
judge of a district or county court or a judge of a district court who is acting as a
magistrate. See id. To warrant exercise of our writ power under section 22.221(a), the
relief requested must be necessary to enforce our appellate jurisdiction. As
demonstrated above, we lack jurisdiction over the Gallien appeal. Accordingly, we
have no jurisdiction to enforce. 

 Accordingly, we deny mandamus relief in Cause Nos. 01-07-00219-CV and 01-07-00540-CV, and we deny all pending motions in each cause. 

A. Cause No. 01-07-00538-CV

 In Cause No. 01-07-00538-CV, Adrienne has identified as respondent the
Honorable Jacqueline Lucci Smith, the presiding judge of County Civil Court at Law
No. 2 of Harris County. (12) Adrienne asks this Court to issue a writ of mandamus
against Judge Smith "to withdraw and cease further implementation of the February
7, 2007 orders resulting in the issuance of a writ of possession and to make such other
orders that restore possession of the family home back to [Adrienne]." Adrienne's
complaints in this case echo those asserted in Cause No. 01-07-00075-CV. 

 To warrant issuance of a writ of mandamus, the relator must demonstrate that
no adequate remedy by appeal exists. In re BP Products N. Am., Inc., 244 S.W.3d
840, 845 (Tex. 2008) (citing In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 136
(Tex. 2004)); In re Flores, 111 S.W.3d 817, 818 (Tex. App.--Houston [1st Dist.]
2003, orig. proceeding). (13) The supreme court has recognized that a party's failure to
supersede a judgment of possession within sufficient time to prevent issuance of the
writ, as here, does not "divest" that party of its right to appeal the judgment of
possession by demonstrating, on appeal, some basis on which the party claims a right
to current, actual possession of the residential premises. See Marshall, 198 S.W.3d
at 786-87. In accordance with Marshall, we addressed the Gallien appeal in Cause
No. 07-00075-CV. 

 As this Court has further recognized, except when mandamus relief is requested
to set aside a void order, see In re Flores, 111 S.W.3d at 818, which is not the case
here, a party who files an appeal and seeks the same relief by a petition for a writ of
mandamus has "voluntarily shown [that] she has an adequate remedy by appeal." See
id. That Gallien did not show any basis on which to claim a right to current, actual
possession of the residential premises and thus rendered her appeal moot, see
Marshall, 198 S.W.3d at 787, does not render her remedy by appeal inadequate. 

 We hold that Adrienne had an adequate remedy by the appeal she pursued in
Cause No. 01-07-00075-CV, and therefore deny mandamus relief in Cause No. 01-07-00438-CV. 

C. Cause No. 01-07-00539-CV

 In Cause No. 01-07-00539-CV, Adrienne has identified as respondent the
Honorable Linda Storey, presiding judge of County Civil Court at Law No. 3. (14) In this
proceeding, Adrienne asks this Court to correct Judge Storey's failure to grant
injunctive relied to release furniture and household goods held in storage by ST& S,
Inc. d/b/a Safe Transfer & Storage. 

 Mandamus will not issue unless (1) the relator has made a demand on the
respondent and (2) the respondent has denied relief or otherwise refused to act. See
In re Perritt, 992 S.W.2d 444, 446 (Tex. 1999); Terrazas v. Ramirez, 829 S.W.2d 712,
723 (Tex. 1991); Axelson, Inc. v. McIlhany, 798 S.W.2d 550, 556 (Tex. 1990). An
exception to this "demand and refusal" requirement arises if demand would be futile
and the refusal, therefore, little more than a formality. See In re Perritt, 992 S.W.2d
at 446; Terrazas, 829 S.W.2d at 723. 

 The record of this proceeding contains a proposed order denying Adrienne's
request for injuctive relief, but Judge Storey did not sign that order, and Adrienne has
neither shown nor argued that demanding that Judge Storey sign the order would be
futile. See In re Perritt, 992 S.W.2d at 446; Terrazas, 829 S.W.2d at 723. Because
Adrienne has not demonstrated both a demand on Judge Storey and a resulting refusal
or denial of relief, mandamus relief is not proper. 

 We therefore deny any pending motions and deny the petition for a writ of
mandamus in Cause No. 01-07-00539-CV.

Conclusion


 We dismiss the appeal in Cause No. 01-07-00075-CV as moot and deny all
pending motions. In addition, we deny the petitions for writ of mandamus in Cause
Nos. 01-07-00219-CV and 01-07-00538-CV through 01-07-00540-CV and deny all
pending motions. 



 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Nuchia and Higley.
1. The underlying case is Cause No. 874-173, in the County Civil Court at Law No. 2
of Harris County, Texas, Federal Home Loan Mortgage Corporation v. Joseph and
All Occupants of 16807 Bay Ledge Court, Friendswood, Texas 77546.
2. The underlying case is Cause No. 874-173, in the County Civil Court at Law No. 2
of Harris County, Texas, Federal Home Loan Mortgage Corporation v. Joseph and
All Occupants of 16807 Bay Ledge Court, Friendswood, Texas 77546.
3. The underlying case is Cause No. 808406, in the County Civil Court at Law No. 3 of
Harris County, Texas, Adrienne Gallien v. ST&S, Inc.
4. The underlying case is Cause No. 874-173, in the County Civil Court at Law No. 2
of Harris County, Texas, Federal Home Loan Mortgage Corporation v. Joseph and
All Occupants of 16807 Bay Ledge Court, Friendswood, Texas 77546.
5. This case proceeded on trial de novo from the justice court. See generally Tex. R.
Civ. P. 749; Mullins v. Coussons, 745 S.W.2d 50, 50 (Tex. App.--Houston [14th
Dist.] 1987, orig. proceeding). Perfection of an appeal to county court from a justice
court for trial de novo vacates and annuls the judgment of the justice court. See
Villalon v. Bank One, 176 S.W.3d 66, 69-70 (Tex. App.--Houston [1st Dist.] 2004,
writ denied). Once a county court acquires jurisdiction by perfection of an appeal
from justice court, the county court's jurisdiction is limited to trying the case de novo
or dismissing it if it is not prosecuted. Id. 
6. The notice of appeal was timely filed on January 17, 2007. When, as here, a notice
of appeal is filed beyond the time allowed by rule 26.1(a)(1), but within the 15-day
period allowed under Tex. R. App. P. 26.3, we may construe the late-filed notice to
imply a motion for an extension of time. Verburgt v. Dorner, 959 S.W.2d 615, 617
(Tex. 1997) (construing predecessor rule to rule 26.3 and holding that motion for
extension of time necessarily implied when appellant acting in good faith files appeal
bond within 15-day extension period). The deadline to file the notice of appeal was
January 4, 2007; Gallien filed the notice on January 17, 2007, and thus within 15 days
of January 4, 2007. 
7. On January 10, 2007, the trial court authorized Gallien to file a supersedeas bond in
the amount of $6,000, but Gallien did not supersede the judgment until 17 days later,
on January 27, 2007. Accordingly, FHLMC properly sought to enforce the judgment
of possession by seeking the writ of possession to evict Gallien. See Tex. Prop.
Code Ann. § 24.007 (Vernon 2006). As the supreme court held recently in Marshall
v. Housing Authority, the failure of a party to supersede the judgment within sufficient
time to prevent issuance of the writ does not "divest" that party of its right to appeal
the judgment of possession. See 198 S.W.3d 782, 786-87 (Tex. 2006).
8. Gallien contends that a motion filed after the December 5, 2006 judgment extended
the trial court's plenary power, by operation of rule 329b(g) of the Rules of Civil
Procedure. See Tex. R. Civ. P. 329b(g). We disagree. On December 14, 2006,
Gallien filed a "Motion to Abate and Alternative Motion for Stay of Execution of
Writ." On its face, this motion did not seek a motion for new trial and did not seek
to "modify, correct, or reform" the December 5, 2006 judgment and, therefore, did not
extend the trial court's plenary power over that judgment. See Tex. R. Civ. P. 329b. 
Gallien filed an additional motion on January 8, 2007, in which she asked, in part, that
the writ of possession be set aside. Because the trial court's plenary power over its
December 5, 2006 judgment of possession expired on January 4, 2007, Gallien's
January 7, 2007 motion came too late to extend the trial court's plenary power. See
Tex. R. Civ. P. 329b(a), (d), (e), (f), (g).
9. On December 8, 2006, while this case was pending, the Texarkana Court of Appeals
issued its opinion in Gallien v. Washington Mut. Home Loans, Inc., 209 S.W.3d 856
(Tex. App.--Texarkana 2006, no pet.). That case was an appeal from the 337th
Judicial District Court of Harris County that arose when Adrienne and Joseph Gallien,
"motivated in part by a pending foreclosure action," see id., 209 S.W.3d at 858, sued
Washington Mutual Home Loans, Inc., and Fleet Mortgage Corporation for injunctive
and declaratory relief, alleged a dozen causes of action, and attempted to certify a
class of homeowners. See id. Our sister court reversed a procedurally complex
summary judgment that dismissed all claims with prejudice and remanded the cause
to the 337th Judicial District Court.
10. The underlying case is Cause No. 874-173, in the County Civil Court at Law No. 2
of Harris County, Texas, Federal Home Loan Mortgage Corporation v. Joseph and
All Occupants of 16807 Bay Ledge Court, Friendswood, Texas 77546.
11. The underlying case is also Cause No. 874-173, in the County Civil Court at Law No.
2 of Harris County, Texas, Federal Home Loan Mortgage Corporation v. Joseph and
All Occupants of 16807 Bay Ledge Court, Friendswood, Texas 77546.
12. The underlying case is Cause No. 874-173, in the County Civil Court at Law No. 2
of Harris County, Texas, Federal Home Loan Mortgage Corporation v. Joseph and
All Occupants of 16807 Bay Ledge Court, Friendswood, Texas 77546.
13. An exception applies when a trial court respondent has issued a void order, in which
case a relator need not show lack of an adequate remedy by appeal. In re Flores, 111
S.W.3d 817, 818 (Tex. App.--Houston [1st Dist.] 2003, orig. proceeding). 
14. The underlying case is Cause No. 808406, in the County Civil Court at Law No. 3 of
Harris County, Texas, Adrienne Gallien v. ST&S, Inc.