**Opinion issued March 14, 2017**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-16-00947-CV

———————————

## IN RE JERRY D. PATCHEN, Relator

———————————

## Original Proceeding on Petition for Writ of Mandamus

———————————

### MEMORANDUM OPINION

Relator, Jerry D. Patchen, filed a petition for writ of mandamus requesting that we compel the trial court to vacate an order granting a new trial because the order was entered outside of the trial court's plenary power.[1] We conditionally grant the petition.

---

[1] The underlying case is *Jerry D. Patchen v. Maria Carmen Gallegos and Margarito Rodriguez*, cause number 1044658, pending in the County Civil Court at Law No. 4 of Harris County, Texas, the Honorable Roberta Lloyd presiding.

## Background

The underlying case involves a breach-of-contact action brought by Patchen against real-parties-in-interest Maria Carmen Gallegos and Margarito Rodriguez (together, "Real Parties"), a husband and wife who were former clients. On October 1, 2014, visiting judge Lamar McCorkle granted Patchen a default judgment against Gallegos. Patchen then moved for a default judgment against Rodriguez, which visiting judge Sharolyn Wood signed on October 5, 2015. The second default judgment resolved all claims against all parties and notes, "The partial default judgment as to Defendant Maria Carmen Gallegos is hereby made final and is attached as Exhibit A." On the same day the final judgment was signed, the trial court clerk mailed copies of the judgments to Real Parties.

On November 5, 2015—thirty-one days after Judge Wood signed the final judgment—Real Parties filed a motion for new trial. Neither Gallegos nor Rodriguez alleged that they did not receive notice of the final judgment.[2] On January 8, 2016, Judge Wood signed an order granting a new trial. Ten months later, on November 4, 2016, Patchen filed a motion to vacate the new trial order on grounds that it was void

---

[2]    In a response to the mandamus petition, Real Parties claim that (1) they did not answer the motions for default judgment because "they believed the case had been dismissed and were not aware that the case had been reinstated" and (2) "they believed the bankruptcy case filed by Margario Rodriguez had stayed the entire case, and that [Patchen] could not proceed against them." These arguments, however, fail to dispute that timely notice of the final judgment was received.

2

for lack of jurisdiction because the motion for new trial was filed after the trial court's plenary power expired. The motion to vacate has not been ruled upon, and Patchen asserts that the trial court refused to rule upon the motion, maintaining that the visiting trial judge who issued the order must hear the motion and would not be available for a hearing until after January 1, 2017.

On November 30, 2016, Patchen filed a petition for writ of mandamus requesting that this Court compel the trial court to vacate the new trial order or, alternatively, compel the trial court to hear his motion to vacate. In conjunction with the mandamus petition, Patchen filed a motion to stay the underlying trial set for December 5, 2016 pending our determination of the petition. This Court issued an order granting the stay and noted that the stay did not preclude the trial court from ruling on Patchen's pending motion to vacate the new trial order.

On February 9, 2017, this Court requested that the parties provide a status report regarding whether the motion to vacate had been ruled upon by either the trial court or the visiting judge and whether any additional actions had been taken to obtain a ruling. Patchen's counsel filed a status update stating that Patchen had contacted the trial court's coordinator to request a hearing on his motion to vacate but was informed that "the trial court will not take any action in this case until it receives a mandate from this Court."

## Standard of Review

Generally, to be entitled to mandamus relief, the relator must demonstrate that the trial court abused its discretion and that it has no adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A "trial court commits a clear abuse of discretion when it refuses to exercise its discretion to hear and rule on pending motions." *Grant v. Wood*, 916 S.W.2d 42, 45 (Tex. App.—Houston [1st Dist.] 1995, orig. proceeding). A trial court also clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear prejudicial error of law. *Walker*, 827 S.W.2d at 839. A trial court has no discretion in determining what the law is or in applying the law to the facts. *Id.* at 840. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. *In re Allstate Cty. Mut. Ins. Co.*, 85 S.W.3d 193, 195 (Tex. 2002) (orig. proceeding). Mandamus relief is proper when the trial court issues a void order, and the relator need not demonstrate the lack of an adequate remedy by appeal. *See In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding); *In re Flores*, 111 S.W.3d 817, 818 (Tex. App.—Houston [1st Dist.] 2003, orig. proceeding) (per curiam).

**Discussion**

A trial court generally retains jurisdiction over a case for thirty days after it signs a final judgment, during which time the trial court has plenary power to change its judgment. *See* TEX. R. CIV. P. 329b(a) ("A motion for new trial, if filed, shall be filed prior to or within  thirty days after the judgment or other order complained of is signed."); TEX. R. CIV. P. 329b(d) ("The trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed."); TEX. R. CIV. P. 329b(f) ("On expiration of the time within which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause, filed within the time allowed by law . . ."). Certain post-judgment motions, including a motion for new trial, if filed within this initial thirty day period, extend the trial court's plenary jurisdiction. *See* TEX. R. CIV. P. 329b(e). After expiration of plenary power, a trial court still may sign an order declaring a prior judgment or order to be void as having been signed after expiration of the court's plenary power. *See* TEX. R. CIV. P. 329b(f); *In re Martinez*, 478 S.W.3d 123, 126 (Tex. App.—Houston [14th Dist.] 2015, orig. proceeding).

In this case, the final judgment was signed on October 5, 2015 and no motion was filed extending the trial court's plenary power before it expired thirty days later on November 4, 2015. *See* TEX. R. CIV. P. 329b. The motion for new trial filed on

November 5, 2015 was untimely filed after the trial court had already lost plenary power. Thus, the January 8, 2016 order granting the new trial was void because it was entered 64 days after the court's plenary power expired on November 4, 2016. *See State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) ("Judicial action taken after the court's jurisdiction over a cause has expired is a nullity."); *In re T.G.*, 68 S.W.3d 171, 177 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) ("Judicial action taken after the trial court's plenary power has expired is void."). Although the trial court maintained the power to declare the new trial order void as having been signed after expiration of its plenary power, the trial court failed to issue such an order. *See* TEX. R. CIV. P. 329b(f).

In their response to the mandamus petition, Real Parties argue that Patchen has not demonstrated that the trial court refused to act on his motion to vacate. The record, however, contains an uncontradicted affidavit from Patchen detailing his requests for a hearing on the motion and the trial court's refusal to set a hearing based upon its belief that the motion must be heard by the visiting judge who issued the new trial order. Moreover, in response to this Court's request for a status update, Patchen averred that another attempt was made to set the motion for hearing, but the trial court coordinator indicated that the trial court would not act unless mandated by this Court. Accordingly, Patchen has demonstrated the trial court's refusal to act upon his pending motion to vacate the new trial order.

Real Parties further argue that Patchen consented to the trial court's jurisdiction because his motion to vacate was filed ten months after the new trial order was signed. But it is well-established that a trial court's lack of subject-matter jurisdiction cannot be waived by failing to object or by participating in proceedings. *See In re Crawford & Co.*, 458 S.W.3d 920, 928, n.7 (Tex. 2015) (holding that party cannot waive complaint regarding trial court's lack of subject-matter jurisdiction*); Wilmer–Hutchins Indep. Sch. Dist. v. Sullivan*, 51 S.W.3d 293, 294 (Tex. 2001) ("As a general rule, a court cannot acquire subject-matter jurisdiction by estoppel."); *Glassman v. Goodfriend*, 347 S.W.3d 772, 783 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (stating that subject-matter jurisdiction cannot be conferred by consent or waiver).

## Conclusion

Because the new trial order was void, we hold that the trial court abused its discretion in failing to vacate the order and we need not determine whether Patchin lacks an adequate remedy by appeal. *See In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605; *In re Flores*, 111 S.W.3d at 818. Accordingly, we conditionally grant the petition for writ of mandamus and order the court to vacate its order granting a new trial. The writ will only issue if the court fails to comply.

**PER CURIAM**

Panel consists of Justices Keyes, Bland, and Huddle