**Opinion issued November 9, 2017**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-16-00830-CV

———————————

## IN RE STEVEN BAILEYS, Relator

---

## Original Proceeding on Petition for Writ of Mandamus and Prohibition

---

### MEMORANDUM OPINION

Relator, Steven Baileys, filed a petition for a writ of mandamus and prohibition requesting that we compel the respondent trial judge to vacate an order denying his motion to vacate orders denying his special appearance, because the

orders were entered outside of the trial court's plenary power, and to prohibit further proceedings.[1] We conditionally grant the petition.

## Background

The underlying case involves a breach-of-contract action brought by the real party in interest, Ensource Corporation ("Ensource"), against Baileys, and his company, Baileys Energy, LLC ("Baileys Energy"). Baileys challenged the respondent's personal jurisdiction over him by special appearance.

The respondent granted Baileys' special appearance and dismissed Baileys as a party on December 1, 2015. Ensource then moved for reconsideration of the special appearance order, on the basis that it had not received notice of the December hearing, and to compel Baileys' responses to discovery. The respondent granted Ensource's motion for reconsideration as to certain discovery responses, and also ordered "that another hearing on Defendant Steven Baileys' Special Appearance is Scheduled for January 11, 2016."

At the January 11 hearing, the respondent orally denied Baileys' special appearance and granted Ensource's motion to sever its claims against Baileys Energy from Baileys, which had recently filed for bankruptcy before that hearing, but only signed orders granting severance. The respondent agreed with Ensource's

---

[1] The underlying case is *Ensource Corporation v. Baileys Energy, LLC*, Cause No. 1061661-101, pending in the County Civil Court at Law No. 3 of Harris County, Texas, the Honorable Linda Storey presiding.

counsel that Baileys had enough contacts to sustain jurisdiction, stating, "There's plenty of contacts with [Baileys] with the State of Texas . . . . if you get me an order I'll be happy to sign it."

Ensource's counsel submitted two proposed orders, one denying Baileys' special appearance and another severing Baileys Energy, but later claimed that an "apparent clerical mistake" led to the special appearance order being presented to the respondent separately from the severance order. The respondent signed only the order granting severance on January 11, 2016, but did not sign the order denying Baileys' special appearance. The respondent then signed an amended order on the motion for severance on January 25, 2016, which now included a list of pleadings to be placed in the severed cause against Baileys Energy.

Baileys filed a Motion for Reconsideration of Special Appearance, and the respondent set a hearing for June 29, 2016. On June 29, 2016—171 days from the January 11 hearing, 198 days after the respondent signed the December order granting Baileys' special appearance, and 157 days after signing the January amended order on the motion for severance—the respondent signed an order denying Baileys' motion for reconsideration of the court's prior ruling on special appearance. A duplicate order again denying Baileys' motion for reconsideration of

3

his special appearance was signed on July 12, 2016.[2] This duplicate order was later rescinded and withdrawn by the respondent's "Order on Motion to Cancel July 12, 2016 Order and for Leave to Take Depositions," signed on September 12, 2016.

Baileys filed a "Motion to Declare Previous Orders Void," requesting that the respondent vacate the June and July orders denying his motion for reconsideration of his special appearance on the grounds that they were void because they were signed after the court's plenary power had expired and, thus, he asked the respondent to vacate them and close the case. At the hearing, held on September 12, 2016, after Ensource's counsel acknowledged that he had filed the proposed severance order two days after the January hearing, but it never got signed, the trial court responded, "See why you should bring an order with you to the hearing?" After the hearing, the trial court signed an order on September 12, 2016, denying Baileys' "Motion to Declare Previous Orders Void."

Baileys subsequently filed this petition for writ of mandamus and prohibition. He requested that this Court compel the respondent to vacate the September 12, 2016 Order denying his "Motion to Declare Previous Orders Void," grant it, and prohibit

---

[2]    Before filing this petition, Baileys had filed an appeal challenging, among other orders, this duplicate July 12, 2016 order, but this appeal was dismissed for want of prosecution for failure to file a brief. *See Baileys v. Ensource Corp.*, No. 01-16-00671-CV, 2016 WL 7368079, at *1 (Tex. App.—Houston [1st Dist.] Dec. 20, 2016, no pet.) (per curiam) (mem. op.).

4

respondent from holding further proceedings in trial court cause number 1061661-101.

## Standard of Review

Generally, to be entitled to mandamus relief, the relator must demonstrate that the trial court abused its discretion and that it has no adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A "trial court commits a clear abuse of discretion when it refuses to exercise its discretion to hear and rule on pending motions." *Grant v. Wood*, 916 S.W.2d 42, 45 (Tex. App.—Houston [1st Dist.] 1995, orig. proceeding). A trial court also clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear prejudicial error of law. *Walker*, 827 S.W.2d at 839. A trial court has no discretion in determining what the law is or in applying the law to the facts. *Id*. at 840. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. *In re Allstate Cty. Mut. Ins. Co.*, 85 S.W.3d 193, 195 (Tex. 2002) (orig. proceeding). Mandamus relief is proper when the trial court issues a void order, and the relator need not demonstrate the lack of an adequate remedy by appeal. *See In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding); *In re Flores*, 111 S.W.3d 817, 818 (Tex. App.—Houston [1st Dist.] 2003, orig. proceeding) (per curiam).

5

**Plenary Power**

Baileys argues that the "Respondent err[ed] in denying Relator's MOTION TO VOID PREVIOUS ORDERS and continu[ing] to hold court and exercise jurisdiction" because "jurisdiction was lost following the expiration of Respondent's plenary jurisdiction after the dismissal of Relator as a party on December 1, 2015 (Exhibit D) and subsequent severance of the claims against Relator on January 11, 2016 (Exhibit H)." Baileys asserts in support that "there was no unequivocal written order or expression by the Respondent to vacate, set aside, modify, or amend the December 1, 2015 order dismissing Steven Baileys as a party." Instead, once the claims against Baileys were severed from Baileys Energy, Baileys asserts that "Respondent lost jurisdiction at the latest by 30 days after the date of severance, being February 10, 2016."

This Court interprets Baileys' petition as one seeking mandamus relief as to whether the respondent trial judge retained its plenary authority when it initially granted Baileys' special appearance in December 2015; then after the respondent reconsidered and orally denied Baileys' special appearance in January 2016, whether it retained plenary power to enter an order in writing that denied the reconsideration of special appearance in June 2016.

6

**A. Legal Principles**

A trial court generally retains jurisdiction over a case for thirty days after it signs a final judgment, during which time the trial court has plenary power to change its judgment. *In re Patchen*, No. 01-16-00947-CV, 2017 WL 976077, at *2 (Tex. App.—Houston [1st Dist.] Mar. 14, 2017, orig. proceeding) (per curiam) (mem. op.) (citing TEX. R. CIV. P. 329b(a) ("A motion for new trial, if filed, shall be filed prior to or within thirty days after the judgment or other order complained of is signed."); *id.* at 329b(d) ("The trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed."); and *id.* at 329b(f) ("On expiration of the time within which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause, filed within the time allowed by law. . .")).

Certain post-judgment motions, including a motion for new trial, if filed within this initial thirty-day period, extend the trial court's plenary jurisdiction. *See In re Patchen*, 2017 WL 976077, at *2 (citing TEX. R. CIV. P. 329b(e)). After expiration of plenary power, a trial court still may sign an order declaring a prior judgment or order to be void as having been signed after expiration of the court's

plenary power. *See id.* (citing TEX. R. CIV. P. 329b(f) and *In re Martinez*, 478 S.W.3d 123, 126 (Tex. App.—Houston [14th Dist.] 2015, orig. proceeding)).

It is well-established that an oral pronouncement is generally ineffective to extend a court's plenary authority, unless the oral pronouncement clearly indicates the intent to modify a judgment at the time the words are expressed, making the reduction to writing a mere ministerial act. An oral pronouncement indicating a "trial court's intention to render judgment in the future cannot be a present rendition of judgment." *Fuentes v. Zaragoza*, No. 01-16-00251-CV, 2017 WL 976079, at *2 (Tex. App.—Houston [1st Dist.] Mar. 14, 2017, no pet.) (mem. op.) (summarizing cases where courts made statements that they would sign orders or judgments in future were not present renditions of judgment); *see State v. Naylor*, 466 S.W.3d 783, 788 (Tex. 2015) (same). "The words used by the trial court must clearly indicate the intent to render judgment at the time the words are expressed." *Inwood Forest Cmty. Improvement Ass'n v. Arce*, 485 S.W.3d 65, 71 (Tex. App.—Houston [14th Dist.] 2015, pet. denied). If clearly indicated, then the formal entry of a signed judgment is a merely ministerial act. *See id.* Otherwise, the rendition must be reduced to writing to extend the court's plenary power. *See Walker v. Harrison,* 597 S.W.2d 913, 915 (Tex. 1980) ("When there is a time limit within which the court has jurisdiction to act, the order must be in writing, specific, and signed by the trial judge."). "If a trial court attempts to orally overrule a motion for new trial without

8

signing such an order, the motion will be overruled by operation of law, not by the trial court's oral order." *F.D.I.C. v. Finlay*, 832 S.W.2d 158, 161 (Tex. App.— Houston [1st Dist.] 1992), *writ denied*, 849 S.W.2d 344 (Tex. 1993).

A trial court also may not sign an order following the expiration of its plenary authority if that order is a judicial act, rather than a clerical one. This Court has summarized the distinction between judicial and clerical acts:

> A clerical error is a discrepancy between the entry of a judgment in the record and the judgment that was actually rendered. *Barton* [*v. Gillespie*, 178 S.W.3d 121, 126 (Tex. App.—Houston [1st Dist.] 2005, no pet.)]. Rendition occurs when the trial court's decision is officially announced either by a signed memorandum filed with the clerk of the court or orally in open court. *Id.*
>
> Unlike with clerical errors, the trial court cannot correct a judicial error after the expiration of plenary power by entering a judgment nunc pro tunc. *Escobar* [*v. Escobar*, 711 S.W.2d 230, 231 (Tex. 1986)]. A judicial error is one that arises from a mistake of law or fact that requires judicial reasoning to correct and it occurs in the rendering, rather than the entering of the judgment. *Barton*, 178 S.W.3d at 126. "Thus, even if the court renders incorrectly, it cannot alter a written judgment which precisely reflects the incorrect rendition." *Escobar*, 711 S.W.2d at 232. Stated another way, *if the judgment entered is the same as the judgment rendered,* regardless of whether the rendition was incorrect, a trial court has no nunc pro tunc power to correct or modify the entered judgment after its plenary [power] expires. *Hernandez v. Lopez*, 288 S.W.3d 180, 187 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (op. on rehearing) [(emphasis in original)]. A judgment rendered to correct a judicial error after plenary power has expired is void. *Id.* at 185 (citing *Dikeman v. Snell*, 490 S.W.2d 183, 186 (Tex. 1973)).

9

*In re D & KW Family, L.P.*, No. 01-11-00276-CV, 2012 WL 3252683, at \*5 (Tex. App.—Houston [1st Dist.] Aug. 9, 2012, orig. proceeding) (mem. op.) (internal quotation marks omitted).

**B.    Analysis**

In this case, the respondent's December 1, 2015 order dismissing Baileys as a party became a final judgment at the latest when the respondent severed Ensource's claims against Baileys and Baileys Energy into two separate cases on January 13, 2016.  The respondent maintained its plenary power for another thirty days by amending that same January 13 severance order on January 25, 2016.  *See* TEX. R. CIV. P. 329b.  The order denying Baileys' motion for reconsideration of special appearance was untimely entered after the respondent had already lost plenary power on June 29, 2016—171 days from the January hearing, 198 days after the respondent had signed the order granting Baileys' special appearance, and 157 days after signing the amended order on the motion for severance.  Thus, the June 29, 2016 order denying Baileys' special appearance was void because it was entered after the respondent's plenary power had expired on February 24, 2016.  *See State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) ("Judicial action taken after the court's jurisdiction over a cause has expired is a nullity."); *In re T.G.*, 68 S.W.3d 171, 177 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) ("Judicial action taken after the trial court's plenary power has expired is void.").  Although the respondent

10

maintained the power to declare its denial of Baileys' motion for reconsideration of special appearance as void, as having been signed after expiration of its plenary power, the respondent failed to issue such an order when it denied Baileys' motion to declare the previous orders void on September 12, 2016. *See In re Patchen*, 2017 WL 976077, at *2 (citing TEX. R. CIV. P. 329b(f)).

The respondent also did not make an unequivocal oral rendition at the January hearing that would render the June 29, 2016 order a merely ministerial order, memorializing its oral pronouncement in January. The respondent had found in January that Baileys had enough contacts to sustain personal jurisdiction, but asked Ensource's counsel for an order to sign, stating at the hearing, "There's plenty of contacts with [Baileys] with the State of Texas . . . . if you get me an order I'll be happy to sign it." As this Court has held, an oral pronouncement of a "trial court's intention to render judgment in the future cannot be a present rendition of judgment." *Fuentes*, 2017 WL 976079, at *2; *see Naylor*, 466 S.W.3d at 788; *Inwood Forest*, 485 S.W.3d at 71. An error in rendering judgment is a judicial error. *See Escobar*, 711 S.W.2d at 231. And the respondent could not sign a subsequent order outside its plenary power because reducing its January pronouncement to writing is a judicial act, rather than a clerical one, and thus, the June "judgment rendered to correct a judicial error after plenary power has expired is void." *In re D & KW Family*, 2012 WL 3252683, at *5 (citations omitted).

11

In its response, Ensource argues that "[Baileys'] argument is without merit because the trial court's order granting a rehearing of [Baileys'] special appearance vacated its former order, or in the alternative, the severance of the claims against Baileys into a new suit vacated the trial court's former order." In support of its first argument, Ensource asserts that *Check v. Mitchell* and its progeny supports the proposition that "any change in a judgment during the plenary period presumptively vacates the former judgment unless the record indicates otherwise." 758 S.W.2d 755, 756 (Tex. 1988); *see also SLT Dealer Grp., Ltd. v. AmeriCredit Fin. Servs., Inc.*, 336 S.W.3d 822, 832 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (noting that if trial court retained plenary power when it issued second order, in that circumstance, the second order "is not a nullity" but "is treated as a modified or reformed judgment that implicitly vacates and supersedes the prior judgment, unless the record indicates a contrary intent.").

But these cases are distinguishable because, as Baileys indicates in his reply brief, these "courts were determining which judgment the appellate timetable runs from, the first final judgment or the second final judgment." Further, *Check* does not indicate that granting a rehearing setting is an order or judgment. *Check* only clarified that any change to the prior order, signed during the plenary power period, will suffice to vacate the prior order. 758 S.W.2d at 756. Here, by contrast, no

second special appearance order was signed during the respondent's plenary power period that would have vacated the first order. *See id.*

Ensource provides no legal support for its second argument that the order severing the claims against Baileys into a new suit vacated the trial court's prior interlocutory order granting his special appearance. Further, the record demonstrates that the severance was to separate claims between Baileys and Baileys Energy because his company had filed for bankruptcy prior to the rehearing on Baileys' special appearance, which could not continue until Baileys Energy was properly severed. *See* 11 U.S.C. § 362(a)(1) (West 2010); *Greenberg v. Fincher & Son Real Estate, Inc.*, 753 S.W.2d 506, 507 (Tex. App.—Houston [1st Dist.] 1988, no writ) (noting that "automatic bankruptcy stay does not ordinarily encompass non-bankrupt co-defendants or preclude severance of claims against them") (citations omitted).

## Conclusion

We hold that the respondent abused her discretion in failing to vacate void orders entered after the expiration of the court's plenary power, and we need not determine whether Baileys lacks an adequate remedy by appeal. *See In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605; *In re Flores*, 111 S.W.3d at 818; *In re Patchen*, 2017 WL 976077, at *2. Accordingly, we conditionally grant the petition for writ of mandamus and order the respondent to vacate the June 29, 2016 order denying Baileys' Motion for Reconsideration of Special Appearance and the September 12,

2016 order denying Baileys' Motion to Declare Previous Orders Void.  We are confident the trial court will promptly comply, and our writ will issue only if it does not comply within 30 days of the date of this opinion.


                                        Laura Carter Higley
                                        Justice

Panel consists of Justices Higley, Massengale, and Lloyd.