**Motion Granted; Appeal Dismissed and Opinion filed November 19, 2015**



In The

# Fourteenth Court of Appeals

---

### NO. 14-14-00825-CV

---

**INWOOD FOREST COMMUNITY IMPROVEMENT ASSOCIATION, Appellant**

**V.**

**ELIO ARCE, ROBERT BURCHFIELD, DOROTHY BURCHFIELD, JUAN ORTIZ, LUXCIOLA ORTIZ, ALMA JEAN DOOLING, DONNA EBELT, CYNTHIA FOSS, DAVID FOSS, KATHRYN KERR HIX, RENE LOERA, ADOLFO LONG, KELLY McCLOUD, CHARLOTTE McMILLAN, MARICELA MENDEZ, MARTIN MENDEZ, INEZ M. NORMAN, AND OLGA SANCHEZ, Appellees**

---

**On Appeal from the 165th District Court
Harris County, Texas
Trial Court Cause No. 2014-18791**

---

## O P I N I O N

In this accelerated, interlocutory appeal, the appellant contends that the trial court's purported oral grant of motions to dismiss under the Texas Citizens Participation Act (TCPA) was ineffective and therefore the motions were denied

by operation of law. Under the TCPA, the trial court must rule on a motion to dismiss no later than the 30th day following the date of the hearing on the motion, and if the trial court does not rule within the prescribed time, the motion is denied by operation of law. Tex. Civ. Prac. § Rem. Code §§ 27.005(a), 27.008(a). At the hearing, the judge stated that she was going to grant the appellees' motions to dismiss, but she declined to sign a written order and instead instructed the parties to try to work out their differences over the next thirty days. After the statutory 30-day deadline had passed, the trial court signed written orders granting most of the homeowners' motions to dismiss. For the reasons explained below, we hold that the trial court's comments at the hearing did not constitute a ruling and therefore the motions to dismiss were denied by operation of law. The appellant has moved to dismiss its appeal in the event we conclude the motions to dismiss were denied by operation of law. We therefore grant appellant's motion and dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant Inwood Forest Community Improvement Association (the "Association") is the homeowners association of Inwood Forest, a residential subdivision in Houston. The subdivision is divided into several sections, and each section has its own set of deed restrictions. This lawsuit involves the deed restrictions applicable to Section 12, which contains 138 lots owned by one or more homeowners. The appellees are some of Section 12's homeowners who were named as defendants in the lawsuit (the "Homeowners").

In November 2013, Elio Arce, one of the Homeowners, filed in the Harris County real property records a "Petition to Modify Deed Restrictions" to change the existing deed restrictions to permit the placement of fences along the rear lot lines of all the lots in Section 12. These lots border a golf course that was closed and sold in 2007. According to the Homeowners, the now-empty and unsupervised

2

fairways and golf cart paths are easily accessible by criminals who enter the area and break into the surrounding homes. The petition to modify recited that it "must receive the approval of 51% of the owners of property" in Section 12 to modify the deed restrictions.

In response, the Association filed a declaratory judgment action in district court against Arce and over 100 owners of lots in Section 12, seeking to have the petition to modify declared invalid. The Association claims that it filed the action because the petition to modify created a cloud on the title to all of the affected land. In the declaratory judgment action, the Association argued that the petition to modify was invalid because, under the deed restrictions, the petition needed to be "signed by the then record owners of a majority of the residential lots," and that a majority of the lots was more than "51% of the owners of property" recited in the petition to modify. The Association contended that all of the owners of each multi-owner lot had to sign the petition in order for that lot to count, and it also lodged various challenges to the sufficiency and validity of the list of homeowners and signatures compiled by the Homeowners in support of the petition to modify.

In June 2014, Arce filed a motion to dismiss the Association's declaratory judgment action under the TCPA. *See* Tex. Civ. Prac. & Rem. Code §§ 27.001–.011. Other Homeowners also filed motions to dismiss under the TCPA or joined in previously filed motions. The Homeowners generally alleged that the Association's declaratory judgment action should be dismissed because it was based on, related to, or in response to the Homeowners' exercise of their constitutional rights of free speech, petition, and association. According to the Homeowners, the Association's intent was to prevent the Homeowners from changing the Section 12 deed restrictions without the Association's permission or approval.

3

On September 15, 2014, the trial court held a hearing on the Homeowners' motions to dismiss. At the conclusion of the hearing, the judge stated:

> I am going to grant the motions to dismiss. There's 30 days before they are final. In those 30 days, I want you to go out and find out what the community wants to do. So you guys have the opportunity to go out and say, hey, Judge dismissed the cases. I want you to come back to me before those 30 days are up and tell me what the community wants to do. That's why they call me Solomon.

A discussion ensued concerning whether the judge was making an oral ruling only or whether she would be making a written ruling. Counsel for one group of Homeowners wanted a written ruling, but counsel for the Association indicated that if there were a written ruling, the Association intended to take an accelerated appeal. The trial court then stated:

> So here's what we are going to do. We are going to go back into the community. We are going to say the Judge has orally granted the motion to dismiss. She will be signing final orders in 30 days. . . . All right, and we have 30 days to get back to her and tell her what we want to do as a community. At the end of that 30 days, we will talk again; but I'm not going to sign anything in writing at this point.

The parties and the judge then discussed at length the steps the Homeowners should take over the next thirty days to obtain sufficient authorizations from the Section 12 homeowners to satisfy the Association's criteria for a valid petition to modify. The hearing was then adjourned.

Thirty days after the hearing on the motions to dismiss, on October 16, 2014, the Homeowners filed a "Notice of Filing of Community Support of Petition to Modify Deed Restrictions" purporting to attach the notarized signatures of all

4

owners of more than 70 of the 138 lots in Section 12. That same day, the Association filed this interlocutory appeal.[1]

More than thirty days after the hearing, the trial court signed the first written order granting the motion to dismiss of Homeowner Robert Burchfield. Similar orders were signed in January granting the motions to dismiss of Arce and most of the other Homeowners. The trial court's orders included awards of attorney's fees to the Homeowners based on the amounts stated in affidavits filed by the counsel representing the specific Homeowner or group of Homeowners represented. For reasons not apparent from the record, the trial court signed a written order denying the motion to dismiss of one of the Homeowners, Dorothy Burchfield.

## ANALYSIS OF THE ASSOCIATION'S ISSUES

In its fourth issue, the Association contends that the trial court's purported oral ruling was ineffective and the Homeowners' motions to dismiss were denied by operation of law when the trial court failed to sign any written orders within the 30-day deadline in the TCPA.[2] The Association also questions whether this court

---

[1] The Association contends that this appeal is interlocutory because not all of the defendants sued by the Association filed or joined in the Homeowners' motions to dismiss. Further, we have found nothing in the record to indicate that the claims against the Homeowners were severed from the main case or that any other action occurred in the trial court that would result in the purported oral ruling becoming final. Moreover, the trial court's written orders do not expressly provide that they are final and appealable. Although several of the orders recite that the trial court "dismisses [the Association's] case with prejudice," the preceding paragraph identifies the specific Homeowners in whose favor the motions to dismiss were granted. Similarly, the order granting Robert Burchfield's motion to dismiss specifically recites that the Association's case "against Robert Burchfield" is dismissed with prejudice.

[2] In its first three issues, the Association contends that (1) the trial court erred in granting the motions to dismiss because the Association's declaratory judgment lawsuit is not the type of lawsuit to which the TCPA applies; (2) the Homeowners failed to meet their preponderance of the evidence burden because the Association's declaratory judgment lawsuit is not based on, does not relate to, and is not in response to the Homeowners' exercise of the right to free speech, petition or of association; and (3) the trial court erred in granting the motions to dismiss because there is clear and specific evidence of a prima facie case for the Association's declaratory

has jurisdiction over this interlocutory appeal. We conclude that the trial court's oral statements at the hearing were ineffective to constitute a ruling and consequently the Homeowners' motions to dismiss were denied by operation of law. Because the fourth issue is dispositive, we resolve the appeal on that issue and do not reach the others.

## A.    The Texas Citizens Participation Act

The Texas Legislature enacted the TCPA "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." Tex. Civ. Prac. & Rem. Code § 27.002. To that end, section 27.003 of the TCPA provides for early dismissal of a legal action that is "based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association." *Id.* § 27.003(a).

Relevant here, section 27.005 of the TCPA provides that "[t]he court must rule on a motion under Section 27.003 not later than the 30th day following the date of the hearing on the motion." *Id.* § 27.005(a). This deadline is mandatory and gives the trial court no discretion to grant extensions of time. *Direct Commercial Funding, Inc. v. Beacon Hill Estates LLC*, 407 S.W.3d 398, 401 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *Avila v. Larrea*, 394 S.W.3d 646, 656 (Tex. App.—Dallas 2012, pet. denied). The trial court's only options are to rule to dismiss or not dismiss the legal action. *Avila*, 394 S.W.3d at 656.

If a court does not rule on the motion to dismiss under section 27.003 within the time prescribed under section 27.005, "the motion is considered to have been

---

judgment lawsuit.

denied by operation of law and the moving party may appeal." Tex. Civ. Prac. & Rem. Code § 27.008(a). Additionally, "[a] person may appeal from an interlocutory order of a district court" that "denies a motion to dismiss filed under Section 27.003." *Id.* § 51.014(a)(12). Under TCPA section 27.008(b), "[a]n appellate court shall expedite an appeal or other writ, whether interlocutory or not, from a trial court order on a motion to dismiss a legal action under Section 27.003 or from a trial court's failure to rule on that motion in the time prescribed by Section 27.005." *Id.* § 27.008(b).

No statutory authority exists, however, for an interlocutory appeal from the grant of a motion to dismiss under section 27.003 of the TCPA. *See, e.g.*, *Fleming & Assocs., L.L.P. v. Kirklin*, No. 14-15-00238-CV, No. 14-15-00369-CV, 2015 WL 6560520, at *2 (Tex. App.—Houston [14th Dist.] Oct. 29, 2015, n. pet. h.) (per curiam); *Schlumberger Ltd. v. Rutherford*, No. 01-14-00776-CV, ___ S.W.3d ___, 2015 WL 5026076, at *3 (Tex. App.—Houston [1st Dist.] Aug. 25, 2015, no pet.) ((holding that no statutory authority provides for an interlocutory grant of a motion to dismiss under § 27.003); *Roll-N-Rock*, 2015 WL 5098520, at *1 (Tex. App.—Dallas Aug. 31, 2015, no pet. h.) (mem. op.) ("A party may appeal from an interlocutory order that grants a motion to dismiss filed pursuant to Section 27.003 only upon final judgment.").

### B.  Jurisdiction over the Association's Appeal and Consideration of Association's Motion to Dismiss

The Association suggests that if the trial court's purported oral grant is ineffective and the Homeowners' motions to dismiss were overruled by operation of law, we may not have jurisdiction over its appeal under section 27.008 of the TCPA, and it wishes to dismiss its appeal in any event. The Homeowners respond

7

that the trial court's oral ruling granting the motions was effective, but do not otherwise address the Association's jurisdictional concerns.

Generally, appellate jurisdiction exists only in cases in which a final judgment has been rendered that disposes of all issues and parties in the case. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Courts of appeal do not have jurisdiction to hear appeals from interlocutory orders, unless specifically authorized by statute. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007); *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998) (per curiam).

As discussed above, no statute specifically authorizes this court to hear an appeal from an interlocutory order granting a motion to dismiss. Therefore, we must first determine whether the trial court's purported ruling granting the Homeowners' motions for summary judgment was effective. If so, then we have no jurisdiction over the appeal. If the trial court failed to timely rule on the motions to dismiss, however, then the motions were denied by operation of law. If the motions were denied by operation of law, then the Association has moved to dismiss its appeal.

### 1.   The Trial Court's Oral Statements at the Hearing Were Ineffective to Constitute a Ruling Granting the Homeowners' Motion to Dismiss Under the TCPA

The Association asserts that the Homeowners' motions to dismiss were denied by operation of law when the trial court failed to sign a written order within thirty days after the hearing on September 15, 2014. *See* Tex. Civ. Prac. & Rem. Code §§ 27.005(a), 27.008(a). The Association argues that the judge's purported "ruling" in favor of the Homeowners, which stated that the ruling would not be final for thirty days, was ineffective. The Association also argues that, even if the

trial court effectively made an oral ruling, a written ruling is nevertheless required under the reasoning of *Walker v. Harrison*, 597 S.W.2d 913, 915 (Tex. 1980) ("When there is a time limit within which the court has jurisdiction to act, the order must be in writing, specific, and signed by the trial judge.").

Generally, a judgment is rendered when the decision is officially announced orally in open court or by written memorandum filed with the clerk. *State v. Naylor*, 466 S.W.3d 783, 788 (Tex. 2015). In contrast, the formal entry of a signed judgment is merely a ministerial act. *Ex parte Olivares*, 662 S.W.2d 594, 595 (Tex. 1983). Rendition of judgment is "the judicial act by which the court settles and declares the decision of the law upon the matters at issue." *Comet Aluminum Co. v. Dibrell*, 450 S.W.2d 56, 58 (Tex. 1970). Likewise, "[a]n order pronounced in open court is considered 'rendered' when it is officially announced and is valid from that time, making formal entry only a ministerial act." *State Farm Ins. Co. v. Pults*, 850 S.W.2d 691, 693 (Tex. App.—Corpus Christi 1993, no writ).

"A trial court renders judgment orally when it announces rendition as a present act and not as an intention to render judgment in the future." *See Naylor*, 466 S.W.3d at 788 (internal quotations omitted). The words used by the trial court must clearly indicate the intent to render judgment at the time the words are expressed. *S & A Rest. Corp. v. Leal*, 892 S.W.2d 855, 858 (Tex. 1995) (per curiam). What the trial court believes to be the legal effect of its act is not dispositive. *Id.* "The fact that the trial court believed that he had rendered judgment during the May 14 hearing is not dispositive.").

At the September 15, 2014 hearing, the trial judge stated that she was "*going to grant* the motions to dismiss" and refused to sign a written order at that time, indicating that her ruling would not be final for thirty days. Importantly, her comments that she "will be signing final orders in 30 days" but was "not going to

9

sign anything in writing at this point" indicate the judge's tentative intention to rule in the Homeowners' favor at some point in the future rather than a present intention to render a ruling disposing of the issues at that time.

Our conclusion is supported by the judge's instructions to the parties, which reflect that the judge was trying to give the parties time to work on resolving their dispute before she signed a written ruling from which an accelerated appeal could be taken. After the judge declined to sign a written ruling, a lengthy discussion ensued between the judge and the parties' attorneys concerning the steps they should take to determine whether the community wanted the deed restrictions amended and the requirements for obtaining sufficient signatures to satisfy the Association that a majority of the Section 12 owners wanted to modify the deed restrictions.

Placing the trial judge's statements in context, we conclude that her purported oral ruling was ineffective because the judge's statements reflect her intent to rule on the Homeowners' motions to dismiss at some point in the future rather than to make a present rendition of judgment granting the Homeowners' motion to dismiss the Association's case on that day. *See Leal*, 892 S.W.2d at 858; *see also Reese v. Piperi*, 534 S.W.2d 329, 330 (Tex. 1976) (trial judge's statement that he was required to grant a motion for new trial and "will grant it" unless the parties resolved their differences was not a present rendition of judgment); *James v. Hubbard*, 21 S.W.3d 558, 561–62 (Tex. App.—San Antonio 2000, no pet.) (holding that judge's statements that he was "going to grant" a divorce coupled with a request that a final divorce decree be on his desk by Wednesday did not indicate a present intent to render judgment, even if judge expressed in the written judgment a belief that he had rendered judgment at the hearing). *Compare Naylor*, 466 S.W.3d at 788–89 (holding trial court rendered judgment after parties read

terms of settlement into record, each party confirmed they were asking the court to grant a divorce that day, and the judge announced that the "divorce is granted pursuant to the agreement you have recited into the record").

Because the trial court's oral statements were ineffective to constitute a ruling, the motions to dismiss were denied by operation of law as the TCPA requires when the trial court does not rule within the 30-day deadline. *See* Tex. Civ. Prac. & Rem. Code § 27.008(a).[3] Further, because the TCPA places a 30-day limit on the trial court's authority to grant dismissal, the court erred in signing the untimely written orders granting dismissal after the 30-day deadline had expired. *See Direct Commercial Funding, Inc.*, 407 S.W.3d at 401–402 (explaining that the TCPA contains no provision authorizing a trial court to sign an order granting a motion to dismiss after the motion was overruled by operation of law).

### 2. The Association's Motion to Dismiss its Appeal is Granted

Having determined that the Homeowners' motions to dismiss were overruled by operation of law, we next consider the grounds raised in the Association's motion to dismiss its appeal. First, the Association suggests that neither section 27.008(a) of the TCPA nor section 51.014(a)(12) of the Texas Civil Practice and Remedies Code authorizes the Association's appeal. Second, the Association states in the alternative that it wishes to withdraw its appeal if the motions to dismiss its declaratory judgment action were overruled by operation of law. Given the Association's position that it does not wish to pursue its interlocutory appeal even if authorized, we need not decide whether either section authorizes this appeal.

---

[3] Because we hold that the trial court's oral statements in this case were ineffective to constitute a ruling, we do not reach the issue of whether the Act requires that a trial court's ruling be in writing to be effective.

11

Because the Homeowners have not sought affirmative relief, we grant the Association's motion and dismiss this appeal.  *See* Tex. R. App. P. 42.1(a)(1).

## Conclusion

We hold that the trial court's statements at the hearing on the Homeowners' motions to dismiss the Association's declaratory judgment action did not constitute a ruling on the Homeowners' motion to dismiss within the 30-day deadline provided under section 27.005(a) of the TCPA. Consequently, the motions were denied by operation of law under section 27.008(a) and the trial court's written orders signed after the expiration of the 30-day deadline were of no effect. We therefore grant the Association's motion to dismiss and dismiss this appeal.


/s/      Ken Wise
Justice


Panel consists of Justices Jamison, Busby and Wise.