In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-16-00056-CV

_____

**DAVID CLARK AND APRIL CLARK, Appellants**

**V.**

**PADDINGTON BRITISH PRIVATE SCHOOL, INC. AND NICOLETTE HARDWICKE, Appellees**

**On Appeal from the 284th District Court**
**Montgomery County, Texas**
**Trial Cause No. 15-09-09679-CV**

**MEMORANDUM OPINION**

In this accelerated, interlocutory appeal, appellants David and April Clark contend that the trial court erred in denying their motion to dismiss under the Texas Citizens Participation Act ("TCPA"). *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.003 (West 2015) (providing that a defendant may file a motion to dismiss when a legal action is "based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association").

1

Appellees Paddington British Private School, Inc. and Nicolette Hardwicke challenge this Court's jurisdiction to consider this interlocutory appeal because the trial court did not sign a written order. For the reasons set out below, we dismiss this appeal for lack of jurisdiction. *See* Tex. R. App. P. 42.3(a).

## Jurisdiction of Interlocutory Appeal

Generally, this Court has jurisdiction over appeals from final judgments and interlocutory orders specifically authorized by statute. *Bison Bldg. Materials, Ltd. v. Aldridge*, 422 S.W.3d 582, 585 (Tex. 2012); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). The Legislature has provided for an interlocutory appeal of a denial of a motion to dismiss under the TCPA, whether that denial is by operation of law or by written order. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.008(a), (b) (West 2015), § 51.014(a)(12) (West Supp. 2015). "We strictly apply statutes granting interlocutory appeals because they are a narrow exception to the general rule that interlocutory orders are not immediately appealable." *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011); *see Schlumberger Ltd. v. Rutherford*, 472 S.W.3d 881, 886-87 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (explaining that the interlocutory appeal provisions of the TCPA should be strictly applied and concluding that the express language and intent of the TCPA

2

did not authorize an interlocutory appeal from an order granting a TCPA motion to dismiss and refusing to infer such a right from the statute).

The TCPA specifically provides statutory jurisdiction for an interlocutory appeal if the trial court does not timely rule on a motion to dismiss. *See id*. § 27.008(a). Subpart (a) states that if a trial court "does not rule on a motion to dismiss . . . in the time prescribed . . . , the motion is considered to have been denied by operation of law and the moving party may appeal." *Id*. Courts have interpreted subpart (b) of section 27.008 as also providing for an interlocutory appeal when the trial court expressly rules on a motion to dismiss by signing an order. *KTRK Television, Inc. v. Robinson*, 409 S.W.3d 682, 687-88 (Tex. App.—Houston [1st Dist.] 2013, pet. denied); *see Robinson v. KTRK Television, Inc.*, No. 01-14-00880-CV, 2016 WL 1267990, at *2 (Tex. App.—Houston [1st Dist.] March 31, 2016, no pet.) (mem. op.); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 27.008(b). Section 51.014(a)(12) allows for interlocutory appeals of orders denying motions to dismiss filed pursuant to section 27.003. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(12); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 27.003.

In this case, the record demonstrates that the trial court intended to and did rule on the Clarks' motion to dismiss. At the hearing, the trial judge stated, "I am

going to deny the motion to dismiss under what I'm calling the anti-slap [sic] statute[.]" The court explained that she believed "there is some evidence of defamation[,]" which she believed to be fatal to the motion to dismiss. The trial judge then asked the parties to prepare a written order denying the motion to dismiss and set it for submission on Friday of the following week. While the trial judge used the phrase, "I am going to[,]" this is not a situation in which the trial court's comment was made as an indication of a future ruling on the motion. *See, e.g., Inwood Forest Cmty. Improvement Ass'n v. Arce*, 485 S.W.3d 65, 71–72 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (concluding that judge's statement that she was "going to grant" the motion reflected only a future intention to rule when the judge also refused to sign the order and indicated her order would not be final for thirty days). Also, this is not a situation where the trial court deferred making the decision on the motion. *See, e.g.*, *Avila v. Larrea*, 394 S.W.3d 646, 656 (Tex. App.—Dallas 2012, pet. denied) (explaining that the trial court did not "rule on" the motion by deciding to continue the hearing to allow for further discovery).

Here, the trial court denied the motion, asked the parties to submit an order reflecting her decision within the next week, and indicated she would enter the order on the following Friday. We also note the trial court's denial of the motion to dismiss was entered on the trial court's docket sheet on the day of the hearing.

4

Because the trial court ruled on the motion to dismiss, the Clarks' motion was not overruled by operation of law. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.008(a) (providing that if a court does not *rule* on a motion to dismiss in time then it is considered denied by operation of law); *Kinney v. BCG Attorney Search, Inc.*, No. 03-12-00579-CV, 2014 WL 1432012, at *7-8 (Tex. App.—Austin Apr. 11, 2014, pet. denied) (mem. op. on reh'g) (holding that the plain language of § 27.008(a) does not require the trial court to sign an order but only requires the trial court to rule, that is, to make a decision on a legal point). Therefore, in strictly applying section 27.008(a), we conclude it does not provide statutory authority for this appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.008(a); *Kinney*, 2014 WL 1432012, at *7-8.

As noted above, the Legislature provided statutory authority for an interlocutory appeal from an order denying a motion to dismiss. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 27.008(b), 51.014(a)(12). However, the courts have allowed an interlocutory appeal under section 27.008 only when the trial court has expressly ruled on a motion and signed an order. *See KTRK Television, Inc.*, 409 S.W.3d at 688 (holding that "section 27.008 permits an interlocutory appeal from the trial court's written order denying a motion to dismiss under the TCPA"). Courts have also determined that an interlocutory appeal under section 51.014(a)

requires a written order. *See City of Beaumont v. Jackson*, No. 09-14-00412-CV, 2014 WL 5776202, at *1 (Tex. App.—Beaumont Nov. 6, 2014, no pet.) (mem. op.); *see also Archer v. Tunnell*, No. 05-15-00459-CV, 2016 WL 519632, at *3 (Tex. App.—Dallas Feb. 9, 2016, no pet.) (mem. op.); *State v. Nine Hundred Eighty-Two Thousand One Hundred Ten Dollars*, No. 08-11-00253-CV, 2011 WL 4068011, at *1 (Tex. App.—El Paso Sept. 14, 2011, no pet.) (mem. op.); *Hubbard-Jowers v. Starfire Enters., Ltd.*, No. 2-06-462-CV, 2007 WL 439052, at *1 (Tex. App.—Fort Worth Feb. 8, 2007, no pet.) (mem. op.); Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a). Texas Rule of Appellate Procedure 26.1 provides that a notice of interlocutory appeal "must be filed within 20 days after the judgment or order is signed[.]" Tex. R. App. P. 26.1(b), 28.1(a). "The appellate timetable *does not* commence to run other than by signed, written order, even when the signing of such an order is purely ministerial." *Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995). Thus, an interlocutory appeal under section 51.014(a) may be perfected only from a written order, not an oral ruling. *Jackson*, 2014 WL 5776202, at *1; *see also Archer*, 2016 WL 519632, at *3; *Nine Hundred Eighty-Two Thousand One Hundred Ten Dollars*, 2011 WL 4068011, at *1; *Hubbard-Jowers*, 2007 WL 439052, at *1.

Here, although the trial court ruled on the motion to dismiss, the court never signed a written order reflecting her ruling.[1] When the record does not affirmatively demonstrate our jurisdiction, we must dismiss the appeal for want of jurisdiction. *See Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 546 (Tex. App.—Dallas 2009, no pet.). Because the trial court has not signed an appealable order, we lack jurisdiction. Accordingly, we dismiss the appeal. *See* Tex. R. App. P. 42.3(a).

DISMISSED FOR WANT OF JURISDICTION.

_____
CHARLES KREGER
Justice

Submitted on June 1, 2016
Opinion Delivered August 11, 2016

Before McKeithen, C.J., Kreger and Horton, JJ.

---

[1]By correspondence to the parties, this Court questioned our jurisdiction. *See* Tex. R. App. P. 44.4. We requested the parties to brief whether it would be appropriate to abate this appeal with instructions to the trial court to sign a written order reflecting the trial court's ruling. The Clarks responded that abatement was not appropriate because a signed order denying the motion was unnecessary when the motion is also considered denied as a matter of law. We have found no authority to support the Clarks' position that a motion that was actually ruled upon is later deemed overruled by operation of law when the trial court did not enter a written order reflecting its oral ruling.