**Opinion issued March 14, 2017**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-16-00251-CV

_____

### MIGUEL ZARAGOZA FUENTES, ET AL., Appellants

### V.

### EVANGELINA LOPEZ GUZMAN ZARAGOZA, Appellee

On Appeal from the 245th District Court
Harris County, Texas
Trial Court Case No. 2014-30215

## MEMORANDUM ORDER

In this order, we determine whether the intervenors to a divorce proceeding have standing to appeal the final judgment. Evangelina Lopez Guzman Zaragoza has moved to dismiss the appeals brought by Dade Aviation, Inc., Abbington Marine, Inc., Ezar Management, LLC, Ezar Properties, L.P., Eagle Ridge Properties, LLC,

Elsa Esther Anchondo Carrillo, Ernesto Carrillo, and Texas LPG Storage Company. Evangelina contends that these parties must be dismissed from the appeal for lack of standing because their interventions in the trial court were untimely. Because the intervenors filed their pleas in intervention before the trial court signed the final judgment, the pleas were not untimely. We therefore deny the motion.

## BACKGROUND

Evangelina filed for divorce in May 2014 against Miguel Zaragoza Fuentes. Evangelina's petition named Miguel and each of the intervenors as parties, with the exception of Eagle Ridge Properties. Beginning in February 2015 and continuing through October 2015, Evangelina non-suited the intervenors initially named in her petition.

Approximately a week before trial, Evangelina supplemented her amended petition, again naming Dade Aviation, Abbingdon Marine, Ezar Managment, Ezar Properties, and Esther Carrillo as co-respondents. The October 26 supplement did not name Ernesto Carrillo and Texas LPG Storage Company.

At a pre-trial conference two days before trial, intervenors' counsel objected that Evangelina's supplemental petition sought affirmative relief against them. Evangelina confirmed that she would not seek affirmative relief from the intervenors and again nonsuited the intervenors on November 3, 2015.

The case proceeded to trial the following day, November 4, and continued through November 5. Having been nonsuited, the intervenors did not appear at trial. On November 5, at the conclusion of the evidence, the trial court stated that, subject to the later submission of attorney's fees, it was "going to grant a divorce" in favor of Evangelina; it orally announced that it would accept Evangelina's proposed property division:

> Therefore, based upon the pleadings on file and testimony presented today, subject to the submission of your attorney's fees and all of that, the Court's going to grant a divorce . . . . The Court will accept and make as its order the proposed division as set forth in the record, as the Court's just and right division under the pleadings and the evidence presented.

On November 19 and December 10, the intervenors filed petitions to intervene in the case, claiming that property they owned was among the assets to be awarded as marital property in the divorce. Eagle Ridge, which was never previously named as a party, also intervened, contending that the proposed division purported to divide property owned by Eagle Ridge.

On December 21, 2015, the trial court signed its Final Decree of Divorce. Miguel and the intervenors have filed separate appeals from the decree.

## DISCUSSION

Evangelina requests that we dismiss the intervenors from the appeal because, she contends, they lack standing to appeal. Evangelina claims the intervenors lack standing because they were not parties to the underlying case, and their petitions to

intervene were filed too late. *See Tex. Mut. Ins. Co. v. Ledbetter*, 251 S.W.3d 31, 36 (Tex. 2008) (petition in intervention is timely if filed before signing and rendition of final judgment). Intervenors' petitions, however, were filed before the trial court issued its written final decree on December 21, 2015, and thus appear to be timely filed under *Ledbetter*. *See id.*

Evangelina responds that the final decree is not determinative because the trial court orally pronounced judgment at the close of trial on November 5 and this oral rendition constituted the final judgment. Thus, she argues, the petitions to intervene were not timely filed because the intervenors did not file them until after the oral pronouncement. As support for her position that the trial court's oral pronouncement is determinative, Evangelina relies on *State v. Naylor*, 466 S.W.3d 783 (Tex. 2015).

The trial court in *Naylor* orally announced that the "divorce is granted pursuant to the agreement [the parties had] recited into the record" and stated that it "is intended to dispose of all economic issues and liabilities as between the parties whether they [are] divorced or not." *Id*. at 787, 789. On appeal, the Texas Supreme Court determined that the State's intervention in the case filed after the trial court orally rendered its judgment on the record was untimely. *Id*. at 787–89. The Supreme Court held that, because of the trial court's clear statement that it was disposing of all issues immediately, the oral pronouncement constituted the rendition of

4

judgment, and the signing of the later written judgment was purely a ministerial act. *Id*. at 789.

Unlike the judgment described in *Naylor*, the final order in this case was not a ministerial act. Rather, the trial court's November 5 oral pronouncement was conditional and "subject to the submission of [] attorney's fees and all that . . . ." The trial court's statement that it was "going to grant the divorce" subject to the submission of attorney's fees indicated an intent to issue a future judgment. *See James v. Hubbard*, 21 S.W.3d 558, 559 (Tex. App.—San Antonio 2000, no pet.) ("We hold that a judge does not render judgment when he says, 'I am going to grant the divorce in this case.'"); *see also Inwood Forest Comm. Improvement Ass'n v. Arce*, 485 S.W.3d 65, 71 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (trial judge's statement that she was "going to grant the motions to dismiss" indicated intent to rule in future); *In re M.G.F.*, No. 02–07–241–CV, 2008 WL 4052992, at *3 (Tex. App.—Fort Worth 2008, no pet.) (statements that "the Court will approve the agreement . . . , and I will sign a written order to that effect" indicated intent to render judgment in future). A trial court's intention to render judgment in the future cannot be a present rendition of judgment. *S & A Rest. Corp. v. Leal*, 892 S.W.2d 855, 857–58 (Tex. 1995) (citing *Reese v. Piperi*, 534 S.W.2d 329, 330 (Tex. 1976)).

Accordingly, we hold that the oral pronouncement was conditional and not final; it failed to dispose of all pending parties and claims in the case. *See Lehmann*

*v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). ("A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree."). The outstanding claim for attorney's fees prevented the judgment from becoming final. *See Farm Bureau Cty. Mut. Ins. Co. v. Rogers*, 455 S.W.3d 161, 163–64 (Tex. 2015); *McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2001); *see also In re K.M.B.*, 148 S.W.3d 618, 620–21 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (order's failure to address attorney's fees precluded it from being final judgment).

Evangelina contends that an outstanding claim for attorney's fees should not open the window to intervention, relying on the United States Supreme Court's decision in *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 200 (1988) (holding that federal district court's decision on merits leaving request for attorney's fees unresolved was final decision for purposes of appeal under 28 U.S.C. § 1291). *Budinich*, however, applied federal law in determining finality under a federal statute, whereas finality in this case is governed by state law. Accordingly, we follow the Texas Supreme Court's holdings that a judgment is not final if it fails to dispose of a claim for attorney's fees. *See Farm Bureau Cty. Mut. Ins. Co.*, 455 S.W.3d at 163–64; *McNally,* 52 S.W.3d at 196; *see also Dullye v. Gume Transp. & Storage, Inc.*, No. 04–16–00200–CV, 2016 WL 3181396, at *1 (Tex. App.—San Antonio

June 8, 2016, no pet.) ("[I]n Texas courts, unlike federal courts, a judgment is not final if it fails to dispose of a party's claim for attorney's fees.").

## CONCLUSION

Because the intervenors joined the lawsuit before the judgment was final in the trial court, we deny Evangelina's motion to dismiss the intervenors' appeals for lack of standing.

It is so ordered.


Jane Bland
Justice


Panel consists of Chief Justice Radack and Justices Higley and Bland.