**Appeal Dismissed and Memorandum Opinion filed June 28, 2018.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00421-CV

### IN THE INTEREST OF E.R.G, A CHILD

**On Appeal from the 314th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2016-04728J**

## M E M O R A N D U M     O P I N I O N

This is an attempted appeal in a suit in which termination of the parent-child relationship was at issue. *See* Tex. R. App. P. 28.4. Appellant J.A. is the mother of E.R.G.

Trial was held on March 6, 2018, and April 10, 2018. The trial court announced its ruling on April 10:

> THE COURT:  All right. I'll grant your request [for termination of Mother's parental rights]. Placement's approved. [Appellee Texas Department of Family and Protective Services] is sole managing conservator. When is your entry date?

[COUNSEL]:      4/24.

THE COURT:      4/24. All right. We'll see you then.

Mother filed a notice of appeal on May 4, 2018, from "the Final Decree for Termination as to the mother of [E.R.G.], a child, entered on May 1, 2018 and awaiting signature by the Honorable Judge John Phillips."

The district clerk notified this court on May 22, 2018, that no judgment had been signed and the case was still active in the trial court. The clerk's record, filed May 29, 2018, does not contain a signed judgment.

Generally, a judgment is rendered when the decision is officially announced orally in open court or by written memorandum filed with the clerk. In contrast, the formal entry of a signed judgment is merely a ministerial act. *State v. Naylor*, 466 S.W.3d 783, 788 (Tex. 2015); *Inwood Forest Cmty. Improvement Ass'n v. Arce*, 485 S.W.3d 65, 71 (Tex. App.—Houston [14th Dist.] 2015, pet. denied). Although signing the judgment is purely ministerial, the appellate timetable does not begin until the judgment is reduced to writing and signed. *Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995) (per curiam).

On May 30, 2018, we notified the parties that we would dismiss this appeal for want of jurisdiction unless any party, by June 11, 2018, demonstrated meritorious grounds for retaining the appeal. No response was filed.

The appeal is DISMISSED.

PER CURIAM

Panel consists of Justices Jamison, Wise, and Jewell