**Order filed December 19, 2019**



## In The

# Eleventh Court of Appeals

_____

## No. 11-19-00318-CV

_____

## DAVID H. ARRINGTON OIL & GAS OPERATING, LLC; MIDLAND-PETRO D.C. PARTNERS, LLC; PERMIAN DEEP ROCK DRILLING, LLC; AND DAVID H. ARRINGTON, Appellants

## V.

## M. SCOTT WILSHUSEN, Appellee

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. CV55454**

### O R D E R

On March 22, 2019, M. Scott Wilshusen filed suit against David H. Arrington Oil & Gas Operating, LLC; Midland-Petro D.C. Partners, LLC: Permian Deep Rock Drilling, LLC; 3 Platinum, LLC; and David H. Arrington.[1]  On May 23, 2019, the

_____

[1]We note that, in the body of the notice of appeal, defendant 3 Platinum, LLC is not included as a party desiring to appeal.

defendants filed a motion to dismiss some of Wilshusen's claims pursuant to the Texas Citizens Participation Act, TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011 (West 2015) (the TCPA).[2] On September 20, 2019, the trial court held a hearing on the motion to dismiss but did not rule on the motion at that time.

In a letter dated September 27, 2019, the trial court wrote:

Dear Counsel

The Court has concluded that Defendants' Texas Citizens Participation Act Motion to Dismiss should be granted as to Plaintiff's fraud claim and denied as to his conversion claim and conspiracy theory[.]

Counsel for Defendants are directed to prepare and provide an Order to opposing counsel and the Court. The Local Rules provide that counsel shall have ten (10) days to review and object to proposed Order[.]

The letter then closed with "Sincerely" followed by the trial judge's signature. It is not apparent from the record before us whether counsel prepared an order as directed by the trial court. However, Appellants have informed this court that the parties discussed a formal order but that "an agreed order was not submitted prior to the 20 days expiring." On October 17, 2019, Appellants filed a notice of appeal in which they stated that they were appealing "from the order dated September 27, 2019." In the notice of appeal, Appellants noted that the trial court had instructed them to submit a proposed order and also noted that they "may amend this Notice of Appeal to include any subsequent order of the trial court, as appropriate."

---

[2]We note that the Texas legislature amended the TCPA effective September 1, 2019. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 1–9, 12 (H.B. 2730) (to be codified at TEX. CIV. PRAC & REM CODE ANN. §§ 27.001, .003, .005–.007, .0075, .009–.010). Because the underlying lawsuit was filed prior to September 1, 2019, the law in effect before September 1 applies. *See id.* §§ 11–12. For convenience, all citations to the TCPA in this order are to the version of the statute prior to September 1, 2019. *See* Act of May 21, 2011, 82d Leg., R.S., ch. 341, § 2, 2011 Tex. Gen. Laws 961–64, amended by Act of May 24, 2013, 83d Leg., R.S., ch. 1042, 2013 Tex. Gen. Laws 2499–2500.

When the appeal was docketed in this court on October 22, 2019, the clerk of this court sent a letter to the parties. In the October 22 letter, we informed the parties:

> The hearing on Defendants' Motion to Dismiss was heard on <u>September 20, 2019</u>. Therefore, the Motion to Dismiss is denied by operation of law on <u>October 21, 2019</u>. Texas Citizens Participation Act, Section 27.005(a) provides: "*The court must rule under Section 27.003 not later than the 30th day following the date of the hearing on the motion.*" Section 27.008(a) provides: "*If a court does not rule on a motion to dismiss under Section 27.003 in the time prescribed by Section 27.005, the motion is considered to have been denied by operation of law and the moving party may appeal.*"

On December 9, 2019, Appellants filed a response to this court's October 22 letter. In their response, Appellants first assert that the trial court's September 27 letter is a "ruling . . . sufficient under section 27.008 to keep a denial by operation of law from occurring." Appellants then assert that, because the September 27 letter is a ruling but is not a "formal, written order," the September 27 "ruling did not start the appellate timetable." Appellants further assert that we have no jurisdiction over this appeal because the trial court has not entered a written, signed order. Appellants request that we determine this jurisdictional matter at this time to preserve judicial resources and avoid duplicative appeals and filings.

We have considered Appellants' response, and we respectfully disagree with their assertion that the trial court issued a ruling on September 27. The trial court merely set forth its conclusion as to how the motion "should be" ruled upon in a future order. *See Inwood Forest Cmty. Improvement Ass'n v. Arce*, 485 S.W.3d 65, 71–72 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (trial court's statement in open court that it was "going to grant" the TCPA motions to dismiss was held not to be a "ruling"); *see also S & A Rest. Corp. v. Leal*, 892 S.W.2d 855, 858 (Tex. 1995) (per curiam) (stating that, with respect to the rendition of a judgment, the words used by a trial court must clearly indicate the intent to render judgment at the

time the words are expressed). Here, the trial court did not express any intent to rule at the time that it issued the September 27 letter. Furthermore, the trial court's September 27 letter directed Appellants' counsel to prepare an order, indicating that the trial court did not intend for its letter to be the operative order as to Wilshusen's motion to dismiss. *See Perdue v. Patten Corp.*, 142 S.W.3d 596, 602 (Tex. App.—Austin 2004, no pet.).

Although we agree with Appellants' assertion that Section 51.014(a)(12) of the Texas Civil Practice and Remedies Code references an "interlocutory order," we do not agree that a written order was necessary under the circumstances in this case. *See* CIV. PRAC. & REM. § 51.014(a)(12) (providing that a party "may appeal from an interlocutory order . . . that denies a motion to dismiss filed under Section 27.003"). Here, as discussed above, the motion to dismiss that was filed under Section 27.003 was denied by operation of law pursuant to Section 27.008(a), rather than by a written order. *See id.* §§ 27.003, .005(a), .008(a). Section 27.008(a) specifically authorizes a party to appeal when the party's TCPA motion to dismiss "is considered to have been denied by operation of law." *Id.* § 27.008(a); *see Avila v. Larrea*, 394 S.W.3d 646, 655–56 (Tex. App.—Dallas 2012, pet. denied) (holding that appellate court had jurisdiction over interlocutory appeal from denial—by operation of law—of TCPA motion to dismiss). To hold as Appellants would have us hold—that the trial court's letter was a ruling and that we lack jurisdiction over this appeal because the trial court has not yet entered a written order denying the motion to dismiss—would frustrate the purpose of the TCPA.

We hold that the TCPA motion to dismiss was denied in its entirety by operation of law on October 21, 2019, and that this court has jurisdiction to consider this interlocutory appeal.

PER CURIAM

December 19, 2019

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[3]

Willson, J., not participating.

---

[3]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.