

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00134-CV

———————————————

CENTRAL STATES WATER RESOURCES, INC., Appellant

V.

UNDINE DEVELOPMENT, LLC AND UNDINE TEXAS, LLC, Appellees

On Appeal from the 431st District Court
Denton County, Texas
Trial Court No. 21-10909-431

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Womack

**MEMORANDUM OPINION**

Before us is a motion to dismiss filed by Appellees Undine Development, LLC and Undine Texas, LLC (collectively, Undine), asking that we dismiss this appeal filed by Appellant Central States Water Resources, Inc. (CSWR).

As background, CSWR filed suit against Undine and Terra Southwest, Inc., alleging a breach-of-contract claim against Terra and certain declaratory-judgment claims against both Undine and Terra. Terra later filed a plea to the jurisdiction, asserting that the trial court lacked jurisdiction to hear certain of the declaratory-judgment claims. Undine filed a motion to dismiss the claims brought against them pursuant to the Texas Citizens Participation Act (TCPA). *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.001–.011.

The trial court ultimately granted Terra's plea to the jurisdiction, dismissing certain of the declaratory-judgment claims but maintaining that the trial court "has jurisdiction over [CSWR's] claim for breach of contract against [Terra], and [that] that breach of contract claim remains to be litigated in this case." The trial court also granted Undine's motion to dismiss, ordering that CSWR's claims against Undine were dismissed with prejudice and ordering that Undine "shall receive their necessary and reasonable attorney's fees in bringing the Motion upon submission of evidence of such fees to the Court."

In two separate notices of appeal, CSWR challenged the trial court's grant of Terra's plea to the jurisdiction and grant of Undine's TCPA motion to dismiss. This

appeal concerns CSWR's challenge to the trial court's grant of Undine's TCPA motion to dismiss.[1]   After CSWR filed its brief in this appeal, Undine filed their motion to dismiss CSWR's appeal, contending that our court lacks appellate jurisdiction over CSWR's challenge to the trial court's grant of Undine's TCPA motion to dismiss.

This court has appellate jurisdiction only over appeals from final judgments and from interlocutory orders that the Texas Legislature has specified are immediately appealable. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see, e.g.*, Tex. Civ. Prac. & Rem. Code Ann. § 51.014.  A judgment is final when it either (1) actually disposes of every pending claim and party or (2) clearly and unequivocally states that it finally disposes of all claims and all parties. *Lehmann*, 39 S.W.3d at 200, 205.  Here, the order CSWR is appealing is not a final judgment because it does not actually dispose of every pending claim and party; to the contrary, the breach-of-contract claim remains against Terra, as does Undine's request for their attorney's fees on their TCPA motion to dismiss.  Moreover, the order CSWR is appealing is not a final judgment because it does not clearly and unequivocally state that it finally disposes of all claims and all parties; to the contrary, the order specifically references that Undine shall receive their reasonable and necessary attorney's fees upon submitting evidence of such fees to the trial court.

---

[1]CSWR's challenge to the trial court's grant of Terra's plea to the jurisdiction is the subject of a separate appeal in this court.

3

We have repeatedly held that an order granting a TCPA motion to dismiss is not an appealable interlocutory order. *See WSG Asia Pacific, Ltd. v. Fifield, Inc.*, No. 02-19-00400-CV, 2020 WL 3369557, at *2 (Tex. App.—Fort Worth June 18, 2020, no pet.) (per. curiam) (mem. op.); *Hollis v. ProPath Assocs., PLLC*, No. 02-19-00167-CV, 2019 WL 3024472, at *1 (Tex. App.—Fort Worth July 11, 2019, no pet.) (per curiam) (mem. op.); *Flynn v. Gorman*, No. 02-16-00131-CV, 2016 WL 4699198, at *1 (Tex. App.—Fort Worth Sept. 8, 2016, no pet.) (per curiam) (mem. op.).[2]

---

[2]In its response to Undine's motion to dismiss, CSWR points us to *Direct Commercial Funding, Inc. v. Beacon Hill Estates, LLC*, where the Fourteenth Court of Appeals found that it had jurisdiction over an interlocutory order granting a TCPA motion to dismiss. No. 14-12-00896-CV, 2013 WL 407029, at *1–4 (Tex. App.—Houston [14th Dist.] Jan. 24, 2013, order). In that case, the Fourteenth Court of Appeals noted that Section 27.008(b) of the Civil Practice and Remedies Code stated that "[a]n appellate court shall expedite an appeal or other writ, *whether interlocutory or not*, from a trial court order on a [TCPA] motion to dismiss . . . or from a trial court's failure to rule on that motion in the time prescribed by Section 27.005." *Id.* (citing Tex. Civ. Prac. & Rem. Code Ann. § 27.008(b) (emphasis added)). According to the appellate court, the phrase "whether interlocutory or not" contained in Section 27.008(b) was rendered meaningless if no interlocutory appeal was available when the trial court expressly ruled on a TCPA motion to dismiss. *Id.* at *3. *Beacon Hill*, however, was decided before the enactment of Section 51.014(a)(12) of the Civil Practice and Remedies Code—a section authorizing an interlocutory appeal of the *denial* of a TCPA motion to dismiss. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(12). Since the enactment of Section 51.014(a)(12), the Fourteenth Court of Appeals has held that "[n]o statutory authority exists . . . for an interlocutory appeal from the grant of a [TCPA] motion to dismiss[.]" *Inwood Forest Cmty. Improvement Ass'n v. Arce*, 485 S.W.3d 65, 70 (Tex. App.—Houston [14th Dist.] 2015, pet. denied). As noted above, we have similarly held that an order granting a TCPA motion to dismiss is not an interlocutory order. *See WSG Asia Pacific*, 2020 WL 3369557, at *2; *Hollis*, 2019 WL 3024472, at *1; *Flynn*, 2016 WL 4699198, at *1.

4

Because the order CSWR attempts to appeal is neither a final judgment nor an appealable interlocutory order, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Dana Womack

Dana Womack
Justice

Delivered:  July 7, 2022