**Motion to Dismiss Granted; Motion for Sanctions Denied; Appeal Dismissed and Memorandum Opinion filed August 4, 2022.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-20-00658-CV

---

### MARK T. WOMACK, Appellant

### V.

### ARCADIO D. RODRIGUEZ, Appellee

---

**On Appeal from the 129th District Court
Harris County, Texas
Trial Court Cause No. 2008-54135**

---

### MEMORANDUM OPINION

Appellant Mark T. Womack ("Womack") challenges the trial court's denial of his motion for sanctions against Armando Lopez ("Lopez"), the attorney for appellee Arcadio D. Rodriguez ("Rodriguez"). In six issues, Womack argues: (1) the trial court's August 27, 2020, order was ultra vires; (2) the trial court lacked authority to vacate the sanctions judgment; (3) there were no grounds for reducing the sanctions award; (4) the trial court lacked discretion to refuse the signing of an

order granting the full sanctions damages; (5) Lopez's consent to sanctions bars his opposition to the relief sought by Womack; and (6) Lopez is estopped to claim inaction as a basis for denial of the relief sought by Womack.[1]

On September 28, 2020, Rodriguez filed a motion to dismiss Womack's appeal, arguing that this court lacks jurisdiction. Because we conclude that Womack's notice of appeal was untimely, we grant Rodriguez's motion and dismiss Womack's appeal for lack of jurisdiction.

## I. BACKGROUND

Womack is an attorney who represented Rodriguez in a wrongful termination suit. *See Rodriguez v. Womack*, No. 14-10-01213-CV, 2012 WL 19659, at *1 (Tex. App.—Houston [14th Dist.] Jan. 5, 2012, pet. denied) (mem. op.). Rodriguez subsequently filed a lawsuit against Womack for legal malpractice. The parties agree that Rodriguez's lawsuit against Womack was called to trial on February 21, 2016. On March 18, 2016, Womack moved for sanctions against Lopez. At a hearing on April 4, 2016, the trial court stated: "The Court grants motion for sanctions. I will review the amounts and then make the appropriate award."

On July 10, 2016, the trial court granted Rodriguez's notice of non-suit.[2] Further, the trial court "[o]rdered that all of plaintiff's claims and causes of action against defendant Mark T. Womack be and are hereby dismissed with prejudice to the refiling of same."

---

[1] Apart from citing Texas Rule of Civil Procedure 306a(2) under his fourth issue, Womack cites no authority in support of his issues on appeal. *See* Tex. R. App. P. 38.1(c), (i); *see also Sklar v. Sklar*, 598 S.W.3d 810, 827 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (holding argument that did not include authority in support of assertion or cogent argument was inadequately briefed).

[2] There is no reporter's record of the July 10, 2016 hearing in the record before this court.

On October 28, 2019, Womack moved for entry of an order on his motion for sanctions against Lopez. At a hearing on December 9, 2019, Womack contended that the trial court had granted sanctions at the April 4, 2016 hearing and requested a written order from the court. The following colloquy occurred:

[Lopez]: On July 10 the Court heard the second request that sanctions be imposed. The Court after hearing what transpired between the 4th of April and that day ordered -- saw that we had tried to negotiate with him and there was an offer made that was reasonable but he denied that request. So the Court asked if Mr. Rodriguez was willing to nonsuit his case with prejudice and he authorized me to do that. We did. He ordered me to write the order in front of Mr. Irelan. The Court then signed the order of nonsuit from the bench. You declared the sanctions was denied.

. . .

[Trial Court]: So this issue has been brought up before in exchange for nonsuit in the case. The Court vacated its sanction -- the amount in sanctions or did not impose them. I can't recall given the length of time since the operative events in this case. So in lieu of assessing the sanctions for the issues that the Court identified at that time and them having made the nonsuit, the Court decided not to go forward with sanctions. I think this issue has been raised again multiple times. I had discussions with your previous counsel on this issue. He asserted them in any event. He said you would want them in any event or at least you would want them in any event or at least that was my recollection.

[Womack]: That's correct.

[Trial Court]: But the Court denied that relief and I am denying that again. Is there anything else?

[Womack]: Can I have a written order, Your Honor?

3

| | |
|---|---|
| [Trial Court]: | It's denied. Is there anything else? |
| [Womack]: | I would like a written order for the record. |
| [Trial Court]: | It's on the record. The Court denies your motion for sanctions. Is there anything else? |
| [Lopez]: | No, Your Honor. Thank you. |

On July 2, 2020, Womack filed a Motion to Modify Judgment Against Armando Lopez; or Motion for Judgment Nunc Pro Tunc; or Motion for New Trial, again requesting the trial court enter a written order awarding sanctions. On August 27, 2020, the trial court signed an order denying the motion.[3] Womack filed a notice of appeal on September 23, 2020.

## II. DISCUSSION

Womack's arguments on appeal are premised on his argument that the trial court rendered judgment in his favor on his motion for sanctions at the hearing on April 4, 2016. For the reasons discuss below, we are not persuaded by this argument.

### A. THE TRIAL COURT DID NOT RENDER JUDGMENT ON APRIL 4, 2016

The trial court orally pronounced on April 4, 2016, that "the Court grants motion for sanctions. I will review the amounts and then make the appropriate award."

Generally, an order is valid when orally pronounced from the bench in open court, and rendition occurs when the trial court officially announces its decision, either orally in open court, or by a memorandum filed by the clerk of the court. *Stein v. Stein*, 868 S.W.2d 902, 903 (Tex. App.—Houston [14th Dist.] 1994, no

---

[3] The trial court's order stated: "This Court has DENIED and DENIES again Mart T. Womack's motion for sanctions. [Womack] is ADMONISHED and ORDERED to cease filing or noticing any motions or pleadings requesting sanctions against Plaintiff. Notice is hereby given that the failure to comply without good cause may result in fine or sanction."

4

writ). In this case, however, the trial court did not specify the amount of sanctions to be awarded and thus did not dispose of the issue. *See In re Educap, Inc.*, 01-12-00546-CV, 2012 WL 3224110 (Tex. App.—Houston [1st Dist.] Aug. 7, 2012, orig. proceeding) (mem. op.); *see also Carroll v. Metro Office Equip., Inc.*, No. 02-22-00087-CV, 2022 WL 1682156, at *1 (Tex. App.—Fort Worth May 26, 2022, no pet. h.) (mem. op.) ("Although the order purports to grant Appellee's request for fees, it does not specify the amount of fees awarded, and thus fails to dispose of the claim."). Moreover, the trial court's oral pronouncement at the April 4, 2016, hearing was insufficient to render an order granting sanctions because it contemplated a future reduction of the order to writing, which never occurred. *See S & A Rest. Corp. v. Leal*, 892 S.W.2d 855, 857–58 (Tex. 1995) (per curiam); *Inwood Forest Cmty. Improvement Ass'n v. Arce*, 485 S.W.3d 65, 71–72 (Tex. App.—Houston [14th Dist.] 2015, pet. denied). Therefore, we reject Womack's argument that on April 4, 2016, the trial court rendered judgment in his favor regarding sanctions.

## B. MOTION TO DISMISS

In his motion to dismiss, Rodriguez argues that the trial court orally denied Womack's motion for sanctions against Lopez on July 11, 2016, at the same time the trial court rendered the order dismissing Rodriguez's suit with prejudice. The reporter's record from the hearing on July 11, 2016 is not part of the record on appeal. Assuming, without deciding, that the trial court did not deny Womack's motion for sanctions against Lopez on July 11, 2016, the record confirms that the trial court orally denied Womack's request for sanctions against Lopez on December 9, 2019. Accordingly, we conclude that the judgment in this case became final and appealable on December 9, 2019, at the latest. We also conclude that Womack did not pursue a timely appeal from that order.

Womack filed his notice of appeal on September 23, 2020, following the trial court's August 27, 2020 order denying Womack's Motion to Modify Judgment, Motion for Judgment Nunc Pro Tunc, and Motion for New Trial. By that time, the trial court's plenary power had expired. *See* Tex. R. Civ. P. 306a, 329b(e).

After the trial court loses its jurisdiction over a judgment, it can correct by a judgment nunc pro tunc only clerical errors in the judgment. *Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex. 1986). Although Womack's Motion to Modify Judgment, Motion for Judgment Nunc Pro Tunc, and Motion for New Trial requested nunc pro tunc relief, the relief he sought was judicial and not the correction of a clerical error. Assuming, *arguendo*, that the error of which he complained in his motion was clerical, Womack does not complain on appeal of any error in denying nunc pro tunc relief, and we lack ordinary appellate jurisdiction over the denial of nunc pro tunc relief in any event. *See Shadownbrook Apts. v. Abu-Ahmad*, 783 S.W.2d 210, 211 (Tex. 1990) (per curiam); *see also In re Bridges*, 28 S.W.3d 191, 195–96 (Tex. App.—Fort Worth 2000, orig. proceeding) (concluding that denial of judgment nun pro tunc is subject to mandamus review).

Accordingly, we conclude that we lack jurisdiction to address Womack's issues, grant Lopez's motion to dismiss, and dismiss the appeal for lack of jurisdiction. *See Baker v. Baker*, 469 S.W.3d 269, 272 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

## III. MOTION FOR SANCTIONS & REQUEST FOR CHIEF DISCIPLINARY COUNSEL REFERRAL

Lopez asks us to determine that Womack's appeal is frivolous and to sanction Womack by awarding Lopez damages. *See* Tex. R. App. P. 45. Lopez also asks this court to refer Womack to the State Bar's Office of Chief Disciplinary

Counsel.

When a court determines it has no jurisdiction over an appeal, all it can do is declare its lack of jurisdiction and dismiss the appeal. *See Harper v. Welchem, Inc.*, 799 S.W.2d 492, 496 (Tex. App.—Houston [14th Dist.] 1990, no writ); *Yancey v. Jacob Stern & Sons, Inc.*, 564 S.W.2d 487, 488, (Tex. App.—Houston [1st Dist.] 1978, no writ). An appellate court cannot consider a sanctions motion in a jurisdictional vacuum. *See Scott & White Memorial Hosp. v. Schexnider*, 940 S.W.2d 594, 596 (Tex. 1996) (per curiam); *see also Lipshy Motorcars, Inc. v. Sovereign Assocs., Inc.*, 944 S.W.2d 68, 72 (Tex. App.—Dallas 1997, no writ) ("Having no jurisdiction over this appeal, we conclude that we have no jurisdiction to consider [appellee's] motion for sanctions and attorneys' fees."). We therefore deny Lopez's motion for sanctions and request for a referral of Womack to the State Bar's Office of Chief Disciplinary Counsel.

## IV.  CONCLUSION

We dismiss Womack's appeal for want of jurisdiction and deny Lopez's motion for sanctions.


/s/    Margaret "Meg" Poissant
Justice


Panel consists of Justices Jewell, Bourliot, and Poissant.

7